STATE *v.* J. Q. BRYAN.

Upon the trial of an indictment for robbery, declarations made in the absence of the prisoner charging him with the offence, were given in evidence by the prosecuting witness without objection. The State also offered to prove the declarations by the person to whom they were made, and upon objection the evidence was ruled out. It was in evidence that the prosecutor was under the influence of liquor at the time of the alleged robbery: *Held,* That it was not error in the court below to charge the jury that although the declarations of the prosecutor, that the prisoner had taken his watch, being made in his absence was no evidence that the prisoner had taken the watch, yet they might consider it as a circumstance to show, that the witness was not so much under the influence of liquor as not to be conscious of all that took place.

INDICTMENT for robbery, tried before *Watts, J.,* and a jury, at January Term, 1876, of the Superior Court of WAKE county.

The case was determined in this court upon a single exception, and it is therefore unnecessary to set out in detail all of the facts.

The jury returned a verdict of "guilty of larceny," and the defendant moved in arrest of judgment, upon the ground, that the bill of indictment only charged a robbery, and that under it, the defendant could not be convicted of larceny.

All other facts necessary to an understanding of the points raised and decided in this court, are fully stated in the opinion of Justice RODMAN.

The motion was overruled by the court, and the defendant appealed.

*Busbee & Busbee, Smith & Strong, Fowle* and *Badger & Devereux*, for the prisoner.

*Attorney-General Hargrove* and *Argo*, for the State.

RODMAN J. Wilcox, the person upon whom the robbery is charged to have been committed, testified to the effect that he was walking with the prisoner, that he felt the prisoner's hand in his pocket and charged the prisoner with robbing him. Syme then came up and told the prisoner to give Wilcox his money, to which the prisoner replied "I have not got his money," and walked off leaving Wilcox and Syme together. A short time thereafter, Wilcox said to Syme, " the damned scoundrel has got my watch." The witness said he had been drinking, but was not so drunk as not to be conscious of what occurred.

No objection was made to the evidence of this witness as to what he said about the watch after the prisoner had left.

Syme was then examined as a witness for the State, and after stating other matters not material to be stated here, testified that after the prisoner had left them, Wilcox said that prisoner had taken his watch. This was objected to as in-

competent to prove the taking of the watch by the prisoner, and it was ruled out by the Judge.

Afterwards in charging the jury the Judge said that although Wilcox's declaration that the prisoner had taken his watch, being made in the absence of the prisoner, was no evidence to prove that the prisoner did take the watch, yet they might consider it as a circumstance to show that Wilcox was not so much under the influence of liquor, as not to be conscious of all that took place.

It is clear that the declaration of Wilcox about the watch was incompetent evidence of the fact that the prisoner had taken it. It is equally clear that it was competent for the purpose for which the Judge told the jury they might consider it, and if that purpose had been stated by the Solicitor when the objection was made, the Judge would have admitted it for that purpose.

It is argued here for the prisoner, that the Judge erred in calling the attention of the jury to the declaration in any way, after he had rejected it, and that the prisonor was prejudiced, in that, if it had been offered for the purpose for which it was competent, and had been received for that purpose, the prisoner could have cross-examined Syme about it, which privilege under the circumstances he had lost.

The counsel in making this argument have apparently overlooked what nevertheless appears in the case, that Wilcox had been allowed to testify to his declaration about the watch without objection, and that consequently the declaration was in evidence. The Judge was justified in referring to it, and in instructing the jury in what point of view they should consider it.

But if this part of Wilcox's testimony were stricken out, we do not see how the prisoner was prejudiced by the Judge's course. The declaration had been testified to by Syme, the jury had heard it, and although the Judge rightly rejected it for the purpose for which it was apparently offered, yet he

23

might then, or at any time afterwards during the trial, have received it for the purpose for which it was competent. The prisoner had opportunity to cross-examine Syme as to the whole occurrence, including the degree of intoxication under which Wilcox was laboring, and no doubt he did so. If the counsel for the prisoner was taken by surprise at the Judge's allusion to the declaration, and thought the prisoner injured thereby, they might not improperly at the end of the charge, have called the Judge's attention to his supposed error. But that does not appear to have been taken at the time.

In criminal, as well as in civil cases, it is for the public interest that the verdict of a jury shall be final. If an injurious error has been committed, it is of course that there shall be a new trial. But it is established doctrine, and the cases are very numerous to that effect, that if it appears that an error of the Judge in instructing the jury could not have injured the prisoner, he is not entitled to a new trial.

In the present case, we are of opinion that the Judge did not commit an error in the part of his charge, which is excepted to. And we also think that if it was an error, it could not have injured the prisoner.

PER CURIAM. Judgment affirmed. Let this opinion be certified.