## STATE v. RICHARD WADE ISOM, JR.

(Filed 23 November, 1955.)

**1. Automobiles § 72—**

Evidence that defendant was found about two blocks from the scene of a wreck, leaning against his car, which had been damaged, that defendant was highly intoxicated and all his companions had been drinking, and testimony that defendant stated that he had been driving, *is held* sufficient, considered in the light most favorable to the State, to be submitted to the jury in a prosecution for driving while under the influence of intoxicating liquor.

**2. Criminal Law § 33—**

Ordinarily, the confession of an accused is not rendered inadmissible by the fact that he was intoxicated when it was made, but the extent of his intoxication is relevant, and the weight, if any, to be given his statement under the circumstances is exclusively for the determination of the jury.

**3. Criminal Law § 53d—**

The evidence disclosed that defendant was intoxicated at the time of making a confession of facts tending to incriminate him. The record disclosed that the jury requested additional instructions as to whether it had the power to convict on the statement of a drunk man, to which the court stated that the defendant would have to be crazy or insane not to remember what he had said from one day to the next. *Held:* The jury was entitled to an instruction as to their duty to determine the weight to be given the incriminating statement, and the instruction was not responsive to the jury's inquiry and was highly prejudicial.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Armstrong, J.,* 6 April Term, 1955, of RANDOLPH.

Criminal prosecution upon bill of indictment charging operation of a motor vehicle upon the public highway while under the influence of intoxicating liquor.

The State's evidence tended to show:

An automobile wreck occurred on East Salisbury Street, Asheboro, on 14 August, 1954, at about 12:30 a.m. When the officers arrived at the scene, defendant was not there.

The officers found defendant about two blocks from the scene of the wreck. He was leaning against his 1950 Plymouth car. The car was sitting on the edge of a dirt road, the back wheels some three feet from the paved highway. The front of the Plymouth was knocked in against the wheels and the wheels would not turn. Three or four "other fellows" were with defendant. All had been drinking.

Two officers testified that defendant stated that he had been driving the car.

One officer testified: "The defendant was very drunk." "He lay down a while." "He was not passed out but he was in a pretty drunken condition, obviously he was very clogged up." "I don't know whether he knew what I was referring to."

Another officer testified: "He (defendant) was very much intoxicated. He would have to hold to something in order to move." "I do not know whether he knew what he was talking about or not."

Another officer, who saw defendant some twenty minutes later, testified: "He was intoxicated, and talking slow and incoherently. I think he had judgment enough to know what he was talking about." "I do not know whether he realized what place he was talking about."

Apart from the statement attributed to defendant, there was no testimony that the defendant was driving the car at the scene of the wreck or elsewhere.

The court overruled defendant's motion for nonsuit and submitted the case to the jury on the State's evidence. Defendant offered no evidence.

The jury returned three different times for further instructions. On one such occasion, so the record shows, the following occurred:

"That on coming into the courtroom for further instructions the jury asked the Court if it had the power to convict on the statement of drunk man and the Court then informed the jury that the defendant would have to be crazy or insane not to remember what he said from one day to the next."

The quoted instruction is the subject of exceptive assignment of error #7.

The record does not disclose either the jury's inquiry or the court's instructions in response thereto on the other two occasions. It appears that on all three occasions the court reporter was not present and no exact record of what occurred was made.

The jury returned a verdict of guilty. Judgment was pronounced thereon. Defendant excepted and appealed, assigning errors.

*Attorney-General Rodman, Assistant Attorney-General Bruton, and F. Kent Burns, Member of Staff, for the State.*
*Seawell & Wilson for defendant, appellant.*

BOBBITT, J. The evidence, considered in the light most favorable to the State, was sufficient to survive defendant's motion for nonsuit. Hence, assignment of error directed to the court's ruling in this respect cannot be sustained.

Assignment of error #7 must be sustained, and a new trial granted, notwithstanding it seems improbable that the record reflects correctly

the instructions given by the presiding judge. But, as shown in the record, the instruction was not responsive to the jury's inquiry and was highly prejudicial. Too, the jury's inquiry remained unanswered.

The obvious purpose of the cross-examination was to emphasize rather than to minimize the extent of defendant's intoxication. The inference is permissible that defendant did not testify because, on account of extreme intoxication, he had no recollection of any conversation with the officers. In short, the defense seems to have been based on the contention that no weight should be given a statement attributed to defendant made under the circumstances disclosed. The testimony, quoted above, afforded a factual basis for such contention.

Ordinarily, intoxication of an accused person does not render inadmissible his confession of facts tending to incriminate him. But the extent of his intoxication when the confession was made is relevant; and the weight, if any, to be given a confession under the circumstances disclosed is exclusively for determination by the jury. 20 Am. Jur., Evidence sec. 525; 22 C.J.S., Criminal Law sec. 828; Annotation: 74 A.L.R. 1102 *et seq.*, and supplemental decisions. See, *S. v. Bryan*, 74 N.C. 351. It would seem that the jury was entitled to an instruction consonant with this generally accepted rule.

New trial.

HIGGINS, J., took no part in the consideration or decision of this case.