STATE v. WILLIAM GRAHAM STEPHENS.

(Filed 20 May, 1964.)

1. **Criminal Law § 71—**

Defendant's intoxication does not render his confession incompetent unless the law enforcement officers furnish him the liquor or he is so drunk that he is unconscious of the meaning of his words, but evidence relating to the degree of his intoxication is proper to be considered by the jury on the question of the weight to be given his declarations.

2. **Automobiles § 72—**

Evidence tending to show that defendant's automobile was standing partly on the tracks at a grade crossing, that defendant got in and out of the car several times in attempting to back it off the tracks, together with defendant's statement after his car had been struck by a train that he had driven the car on the tracks, *is held* sufficient to be submitted to the jury on the question of whether defendant had driven the car, notwithstanding that at the time of making the statements defendant was so drunk that his

conversation was incoherent and the witness could understand little of what he was saying except that he had driven the car.

**3. Same—**

Testimony that defendant was drunk is sufficient to be submitted to the jury in a prosecution under G.S. 20-138, since if a person is "drunk" he is perforce "under the influence."

**4. Criminal Law § 97—**

Any inference in the solicitor's argument in regard to defendant's failure to testify in his own behalf *held* cured by the court's immediate instruction upon objection that defendant had the right not to testify and his failure to do so should not prejudice him, and by the court's instruction to the same effect in the charge to the jury.

APPEAL by defendant from *Gwyn, J.,* 9 December 1963 Criminal Session of ROCKINGHAM.

On 19 February 1963 defendant was tried in the Reidsville recorder's court on a warrant charging him on 3 February 1963 with unlawfully operating a motor vehicle upon the public highway while under the influence of intoxicating liquor, a violation of G.S. 20-138. He pleaded not guilty, was found guilty, and from the judgment imposed, he appealed to the superior court. In the superior court he was tried *de novo.* He pleaded not guilty. The jury verdict was, "Guilty as charged." From the judgment imposed, he appeals.

*Attorney General T. W. Bruton and Assistant Attorney General Richard T. Sanders for the State.*

*Bethea & Robinson by Norwood E. Robinson for defendant appellant.*

PARKER, J. The State introduced evidence; defendant did not. Defendant assigns as error the denial of his motion for judgment of compulsory nonsuit made at the close of the State's case.

The State's evidence, considered in the light most favorable to it, *S. v. Haddock,* 254 N.C. 162, 118 S.E. 2d 411, shows the following facts:

About a mile north of the corporate limits of Reidsville, Highway 2552 crosses the tracks of the Southern Railway Company, and about 40 feet in a westerly direction from the railway tracks it intersects Highway 29. This is a grade crossing. At this point the railway tracks run approximately in a north and south direction. A little past 12 a.m. on 3 February 1963, Henry Strader drove his automobile up to this grade crossing and saw the defendant's automobile standing still on the railway tracks headed north with its rear end at the north edge of

Highway 2552 as it crosses the railway tracks. Defendant was sitting on the front seat under the steering wheel. No other person was in his automobile. Strader drove his automobile off the railway tracks, got out, and walked back to where defendant was. Defendant was "cranking" his automobile and trying to back off the railway tracks, but his automobile sat there spinning. He saw the defendant get out of his automobile two or three times and then get back in it and try to back it off the railway tracks. Strader saw a train coming and went to his automobile. A train struck defendant's automobile. Defendant was not in his automobile when the train hit it. Strader did not stay, but drove away. Strader got within a few feet of defendant. In his opinion, he was drunk. He based his opinion upon the fact that defendant staggered in getting in and out of his automobile.

G. F. Conrad, a member of the State Highway Patrol, arrived at the scene about 12:30 a.m. and saw the defendant standing with the conductor of the train beside the railway crossing. Defendant's automobile was on the railway track about 1,500 feet north of the grade crossing and under the front end of the railway engine. Defendant's automobile was struck by the engine of the train directly in the rear and was demolished. In Conrad's opinion, defendant was very drunk and unable to walk without aid. Conrad testified on direct examination: "The only statement I could get out of him was that he was driving the car and it was his car and I couldn't find out where he came from or which way he was going or anything. Every time I asked him a question, he would mutter John Price's name. I didn't know who John Price was and about a week later I finally located John Price." Conrad was asked this question: "Well, did he tell you who had driven the car up on the railroad track?" He replied, "He stated that he had." Conrad testified on cross-examination: "He was so drunk it was hard to understand him. I understood what I stated that he said. Even though he was so drunk I couldn't understand what he was saying I understood him enough to where I understood him to say he was driving his car." Conrad testified further on cross-examination: "When I arrived at the scene of the accident there was no one helping him [defendant], he was standing still there in the presence of Mr. C. M. Ferrill and some other trainmen. No one was holding on to him to keep him standing up. It was only when I walked him to the car that it was necessary for me to hold on to him."

Conrad turned the defendant over to Deputy Sheriff Duke Setliff to carry him to the police station in Reidsville. Setliff testified on cross-examination: "The defendant rode with me from approximately one

mile north of Reidsville to the city jail and at no time did I have any conversation with him. He walked by himself from my car into the police station. In order to get from my car into the police station, it was necessary for the defendant to walk up a short flight of steps. When he came into the police station he was what we call 'booked in.' At that time he had a rather large sum of money and cash on his person. * * * The desk sergeant counted the money himself. He counted it after the defendant counted it." Setliff smelled a strong odor of alcohol on the defendant's breath, and in his opinion the defendant was drunk.

The factual situation in *State v. Isom,* 243 N.C. 164, 90 S.E. 2d 237, 69 A.L.R. 2d 358, is quite similar to the factual situation in the instant case, but the State's evidence in the *Isom* case is not as strong as the State's evidence in this case. Isom was tried upon an indictment charging him with the operation of a motor vehicle on the public highway while under the influence of intoxicating liquor. In the *Isom* case the State's evidence, as stated in the Court's opinion, tended to show:

"An automobile wreck occurred on East Salisbury Street, Asheboro, on 14 August, 1954, at about 12:30 a.m. When the officers arrived at the scene, defendant was not there.

"The officers found defendant about two blocks from the scene of the wreck. He was leaning against his 1950 Plymouth car. The car was sitting on the edge of a dirt road, the back wheels some three feet from the paved highway. The front of the Plymouth was knocked in against the wheels and the wheels would not turn. Three or four 'other fellows' were with defendant. All had been drinking.

"Two officers testified that defendant stated that he had been driving the car.

"One officer testified: 'The defendant was very drunk.' 'He lay down a while.' 'He was not passed out but he was in a pretty drunken condition, obviously he was very clogged up.' 'I don't know whether he knew what I was referring to.'

"Another officer testified: 'He (defendant) was very much intoxicated. He would have to hold to something in order to move.' 'I do not know whether he knew what he was talking about or not.'

"Another officer, who saw defendant some twenty minutes later, testified: 'He was intoxicated, and talking slow and incoherently. I think he had judgment enough to know what he was talking about.' 'I do not know whether he realized what place he was talking about.'

"Apart from the statement attributed to defendant, there was no testimony that the defendant was driving the car at the scene of the wreck or elsewhere.

"The court overruled defendant's motion for nonsuit and submitted the case to the jury on the State's evidence. Defendant offered no evidence."

The jury returned a verdict of guilty. Judgment was pronounced thereon and the defendant appealed to the Supreme Court. *Bobbitt, J.*, writing the opinion for a unanimous Court, with the exception of *Higgins, J.*, who took no part in the consideration or decision of this case, stated:

"The evidence, considered in the light most favorable to the State, was sufficient to survive defendant's motion for nonsuit. Hence, assignment of error directed to the court's ruling in this respect cannot be sustained.

\*　　\*　　\*

"Ordinarily, intoxication of an accused person does not render inadmissible his confession of facts tending to incriminate him. But the extent of his intoxication when the confession was made is relevant; and the weight, if any, to be given a confession under the circumstances disclosed is exclusively for determination by the jury. 20 Am. Jur., Evidence sec. 525; 22 C.J.S., Criminal Law sec. 828; Annotation: 74 A.L.R. 1102 *et seq.*, and supplemental decisions. See, *S. v. Bryan,* 74 N.C. 351."

In an annotation to the *Isom* case in 69 A.L.R. 2d, § 3, p. 364, it is stated: "The courts are agreed that proof that one who has confessed to crime was intoxicated at the time of making a confession goes to the weight and credibility to be accorded to the confession, but does not require (at least where the intoxication does not amount to mania, and the intoxicants were not furnished the accused by the police or other government officials) that the confession be excluded from evidence." The annotation cites cases from twenty-one states (including our case of *S. v. Isom*), the District of Columbia, England, and Canada, which are authority, either express or clearly implied, for the rule stated.

The State's evidence that defendant was sitting on the front seat under the steering wheel of his automobile, which was standing still on the railway tracks with its rear end at the north edge of Highway 2552 as it crosses the railway tracks at a grade crossing, and was "cranking" his automobile and trying to back off the railway tracks, and that he got out two or three times and got back in it and tried to back it off

the railway tracks; that he was not in his automobile when the train hit it; and that he counted a large sum of money he had on his person at the police station in Reidsville would permit a jury to find that defendant's intoxication did not amount to "mania" or a condition in which he was unconscious of the meaning of his words when he told State Highway Patrolman Conrad about 12:30 a.m. at the scene that it was his car and he was driving it, but that defendant was capable of knowing the meaning and effect of his words when he told Conrad that it was his car and that he was driving it.

A person, when drunk, is, of necessity, under the influence of intoxicating liquor within the intent and meaning of G.S. 20-138. *S. v. Painter*, 261 N.C. 332, 134 S.E. 2d 638, *S. v. Carroll*, 226 N.C. 237, 37 S.E. 2d 688.

The State's evidence was sufficient to carry the case to the jury. Defendant's assignment of error to the denial of his motion for judgment of compulsory nonsuit is overruled.

When the solicitor for the State was making his argument to the jury, defendant's counsel objected to it and asked that the jury be instructed not to consider it, and further asked for a new trial. Whereupon, the trial judge instructed the jury as follows:

"During the progress of the argument by the Solicitor, the defendant, through counsel, objects to the argument of the Solicitor and asks that the jury be instructed not to consider it and further asks for a new trial. Now, Gentlemen of the Jury, the law presumes every defendant charged to be innocent until he is proved guilty beyond a reasonable doubt. The law does not require him to give testimony against himself or to go on the stand and testify. The fact that he does not testify in his own behalf is not a circumstance to be considered against him. Any reference to what the defendant personally may know must not be considered by you as an inference that he should have testified, so do not consider any circumstance or any statement or any argument on the part of the Solicitor as an obligation on his part or the part of the defendant to testify because he is not prejudiced and should not be prejudiced in his case by his failure to go on the stand. Now, if any argument like that will affect your verdict, then, of course, that would be improper.

"The Court will instruct you upon the law which is applicable to this case, if you Gentlemen can follow it and will follow it, then you may continue to sit; otherwise, I'll let the case be tried again. Now, is there any juror who cannot follow the instruction

of the Court, that is, upon the law as is applicable to this case? He is not required to testify. The Solicitor did not say that he was required to testify or that he should have gone upon the stand. The Solicitor didn't say that, but from his argument, if you should draw any inference that that was what he intended, then that would be improper. Go ahead."

After the judge gave this instruction to the jury, the jury was sent to its room, and a long colloquy took place between the judge, the solicitor, and defendant's counsel. The substance of what the solicitor said to the judge of what his argument was is this: That if any witnesses could help defendant, he had nothing to prevent him from getting the witnesses to help him in his case. Counsel for the defendant told the judge in substance that he had no objection to that argument, but what he was objecting to was that the solicitor in his argument was clearly inferring to the jury that the defendant was the only man who could go on the witness stand and tell the jury anything. The judge said in substance that it was his impression from what the solicitor was saying that if there were any witnesses that could help the defendant he knew where they were; that he did not get the impression that the solicitor was suggesting that defendant go on the stand and tell who they were.

The court overruled defendant's motion to withdraw a juror and declare a mistrial because of the solicitor's argument to the jury, and defendant excepted and assigns this as error.

After the argument of the solicitor and the counsel for defendant, the judge began his charge as follows:

"At the outset, the Court instructs you that the defendant is presumed to be innocent and may not be convicted until he is proved guilty beyond a reasonable doubt and the defendant is not required to give evidence against himself. The fact that he did not testify in his own behalf is not a circumstance to be considered against him. It may not be contended that he should testify in his own behalf because of anything peculiar within his knowledge or otherwise. If any such inference may arise from any argument made by the Solicitor, then you will disregard it and you will not permit your verdict to be influenced by that. If you can do that, we will proceed with the case. If you cannot, then say so at this time. (No reply from the jury.)"

Later on in the charge the judge instructed the jury again: "The defendant did not testify in his own behalf and, as I have heretofore instructed you, that is not a circumstance against him."

Defendant's counsel objected to the solicitor's argument to the jury when it was being made. His argument was interrupted, and the trial judge carefully instructed the jury that defendant's failure to testify in his own behalf should not be construed in any way to his prejudice, that the solicitor had made no such argument, but that if the jury should draw any inference that the solicitor intended that, it was improper argument and the jury should not consider it. Later, after the argument of counsel and at the very beginning of the charge, the judge instructed the jury again to that effect. We feel that under the circumstances as disclosed by the record, the trial judge properly and effectively removed any prejudicial effect that might have resulted from the solicitor's argument to the jury, and that he correctly denied defendant's motion to withdraw a juror and order a new trial. G.S. 8-54; *S. v. Lewis,* 256 N.C. 430, 124 S.E. 2d 115; *S. v. Brackett,* 218 N.C. 369, 11 S.E. 2d 146; *S. v. Fogleman,* 204 N.C. 401, 168 S.E. 536; *S. v. McIver,* 175 N.C. 761, 94 S.E. 682.

All defendant's assignments of error are overruled. In the trial we find

No error.