STATE OF NORTH CAROLINA v. BLAIR M. GRAHAM.

(Filed 7 April, 1965.)

**1. Criminal Law § 71—**

Incriminating statements made by defendant are not rendered incompetent because of the fact that at the time of making them defendant was intoxicated, when there is no evidence that defendant's intoxication amounted to mania or that any intoxicants were furnished to him by officers or officials, since defendant's intoxication goes to the weight and credibility to be accorded the statements and not their competency.

**2. Automobiles § 72—**

Evidence that defendant was alone in an automobile; and was found in the car in a drunken condition, and that defendant then stated that he had driven the car from a club to the place where it was found, is sufficient to be submitted to the jury in a prosecution for driving on a highway while intoxicated.

APPEAL by defendant from *Armstrong, J.,* 12 October 1964 Session of FORSYTH.

Criminal prosecution on a warrant charging defendant with unlawfully and wilfully driving an automobile upon the public highways within the State while under the influence of intoxicating liquor, G.S. 20-138, heard *de novo* in the superior court upon appeal by defendant from an adverse judgment in the municipal court of the city of Winston-Salem.

Plea: Not guilty. Verdict: Guilty as charged.

From the judgment imposed on him, defendant appeals.

*Attorney General T. W. Bruton, Assistant Attorney General Ray B. Brady, and Staff Attorney L. P. Hornthal, Jr., for the State.*
*James J. Booker for defendant appellant.*

PER CURIAM. The State's evidence shows these facts: About 2:30 a.m. on 30 June 1963, Corporal E. D. Young of the North Carolina State Highway Patrol, while on duty on patrol and proceeding north on Reynolds Park Road, a public highway in Forsyth County, saw an automobile with its front bumper up against the opposite side of a house from its driveway, with its motor running and its lights burning. He stopped, backed up, and observed tire tracks leading off Reynolds Park Road, going to and across the lawn and shrubbery on the lawn, and coming up to this automobile. Its rear wheels were buried in the lawn about 2½ or 3 inches. The bumper of the automobile just went up against the house, and there was no damage to the automobile or to the house. He walked up to the automobile, opened the door, and found defendant passed out under the steering wheel. He shut off its motor, and rolled the glass of its window down. The heater fan was on, and it

was real warm in the automobile. He was unable to arouse defendant. When he first opened the door to defendant's automobile, he detected a moderate odor of alcohol. He went to his patrol car, and radioed State Highway Patrolman Upright to come and assist him. Upon Upright's arrival, he and Upright carried defendant to Upright's patrol car, placed him in the front seat, rolled its windows down, and drove to the City Memorial Hospital. Before arriving at the hospital, defendant stirred around and mumbled some words. Upon arrival at the hospital, an intern there came out and examined him. They then carried defendant to the Winston-Salem police station. In the police station defendant walked and talked for about 30 minutes, but he could not walk without assistance, was very unsteady on his feet, and his speech was mumbled and incoherent. Young and Upright testified that from their observation of the defendant and from the smell of the odor of alcohol on his breath, he was in their opinion under the influence of intoxicating liquor.

Defendant assigns as error that Young and Upright were permitted, over his objections, to testify to the following effect: At the police station defendant said he had left the NCO Club at the Air Force Base in Forsyth County about 2:30 or 3:30 that morning, that he had been drinking beer there, but he did not know how many beers he had drunk, and that he had driven the automobile to where it was found up against the house. The evidence of what the defendant said was competent, and the court properly admitted it in evidence. The weight, if any, to be given defendant's incriminating statements, under the attendant circumstances, was exclusively for determination by the jury. *S. v. Isom,* 243 N.C. 164, 90 S.E. 2d 237, 69 A.L.R. 2d 358; *S. v. Stephens,* 262 N.C. 45, 136 S.E. 2d 209; Anno. 69 A.L.R. 2d, § 3, p. 364. The annotation above cited in A.L.R. 2d reads as follows:

> "The courts are agreed that proof that one who has confessed to crime was intoxicated at the time of making a confession goes to the weight and credibility to be accorded to the confession, but does not require (at least where the intoxication does not amount to mania, and the intoxicants were not furnished the accused by the police or other government officials) that the confession be excluded from evidence."

The annotation cites cases from twenty-one states (including our case of *S. v. Isom*), the District of Columbia, England, and Canada, which are authority, either express or clearly implied, for the rule stated. There is no evidence that defendant's intoxication amounted to mania, and there is no evidence that any intoxicants were furnished to him by the police or any government official.

The NCO Club at the Air Force Base in Forsyth County is about four miles from the place where defendant was found sitting in an

automobile up against a house. In order to travel from this club to where the automobile was found against the house, it is necessary to travel on the Reynolds Park Road. There was no indication that defendant, when found sitting in his car, had any injuries.

Considering the State's evidence in the light most favorable to it, it was sufficient to carry the case to the jury. Defendant's assignment of error to the denial of his motion for judgment of compulsory nonsuit is overruled.

Defendant's assignments of error to the charge have been examined, and are overruled. Reading the charge as a composite whole, no prejudicial error has been made to appear. All defendant's assignments of error have been considered, and all are overruled. In the trial below we find

No error.