STATE OF NORTH CAROLINA v. JACK TUNNEY BUCKNER

No. 7727SC414

(Filed 16 November 1977)

1. **Automobiles § 126.4— officer administering breathalyzer test—court's attempt to clarify testimony—no expression of opinion**

   In a prosecution for driving under the influence, the trial court did not express an opinion on the evidence when, during testimony by the officer who administered the breathalyzer test, the court attempted to clarify the testimony of the witness by having him relate exactly what rights were explained to defendant.

2. **Automobiles § 126.3— breathalyzer test—time to exercise rights—full thirty minutes provided by statute not mandatory**

   G.S. 20-16.2 which provides for the administering of breathalyzer tests allows a delay not in excess of thirty minutes for defendant to exercise his rights, and a delay of less than thirty minutes is permissible where, as in this case, the record is barren of any evidence to support a contention, if made, that a lawyer or witness would have arrived to witness the proceeding had the operator delayed the test for the full thirty minutes.

3. **Criminal Law § 86.2— cross-examination of defendant—prior convictions—presumption of regularity**

   Defendant's contention in a prosecution for driving under the influence that the State must show that defendant was represented by counsel or voluntarily waived his right to counsel at prior convictions before the convictions could be used by the State to impeach defendant is without merit, since there

was no burden on the State to prove the regularity of the convictions, but instead the burden was on defendant to show the prior convictions to be void and therefore improper subjects of cross-examination.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 8 March 1977 in Superior Court, GASTON County. Heard in the Court of Appeals 17 October 1977.

Defendant was charged with driving under the influence of alcohol. Defendant was convicted in District Court and appealed the conviction to Superior Court where he entered a plea of not guilty. The jury found defendant guilty, and from a judgment sentencing him to 90 days, 78 of which were suspended upon conditions, defendant appealed.

The State's evidence tended to show: that Officer L. E. Williams observed defendant operating his car on I-85 at 8:30 p.m. on 6 October 1976; that Officer Williams observed defendant's car weaving from the shoulder of the road across the dividing line and back into the right-hand lane and stopped the defendant's car; that when the officer spoke with defendant he smelled alcohol on his breath and noticed that his speech was slurred; that Williams then arrested defendant, informed him of his "*Miranda* rights", and took him to the police station for a breathalyzer test; that upon their arrival at the police station at approximately 9:00 p.m., Williams, in the presence of Officer Helton, a licensed breathalyzer operator, asked defendant to take a breathalyzer test. Helton testified that he advised the defendant of his rights pertaining to the breathalyzer test; that defendant refused to sign the rights form; that defendant made a phone call from the breathalyzer room during a 20-minute "observation period"; that defendant was unable satisfactorily to perform the balance and walking tests as directed by Officer Williams during the observation period; that, in his opinion, defendant was under the influence of alcohol; that after observing defendant for 20 minutes he administered the breathalyzer test which showed a blood alcohol content of .12%.

Defendant offered evidence tending to show: that he had drunk only two beers on the day of his arrest; that he was not under the influence; that he had been seen by a friend shortly prior to the arrest and was walking and talking in his normal manner; that he walks with a limp as a result of injuries suffered

in a fire and that he could not perform the walking and balance tests adequately because of his limp.

*Attorney General Edmisten, by Assistant Attorney General William B. Ray and Associate Attorney Mary I. Murrill, for the State.*

*Harris and Bumgardner, by Don H. Bumgardner, for defendant appellant.*

MORRIS, Judge.

[1]  The defendant, by his first assignment of error, contends that the trial judge expressed an opinion in favor of the State in violation of G.S. 1-180. During the testimony of State's witness Helton, after he had thoroughly explained the procedures followed when he administered the breathalyzer test, the following exchange took place:

> "QUESTION: Now, after having done what you have testified to that you did, what was the result of the test?
>
> MR. BUMGARDNER: OBJECTION.
>
> THE COURT: SUSTAINED. Go ahead with the foundation as to what rights were explained. He stated he gave him his rights, but I don't recall that he explained specifically what rights he read."

Helton then proceeded to read a copy of the rights of which he advised the defendant before administering the test. The defendant argues that this was an expression of opinion by the trial judge and violated the impartiality required of our trial judges. We disagree. The purpose of G.S. 1-180 is to keep inviolate the distinctions between the role and functions of the judge and jury — the judge as dispenser of the law, and the jury as the trier of facts — and thereby preserving the integrity of trial by jury. *Morris v. Tate*, 230 N.C. 29, 51 S.E. 2d 892 (1942). It is the expression of an opinion by the trial judge leading the jury to conclude that he favors the State or finds the credibility of the State's evidence to be more persuasive that is to be guarded against. *Belk v. Schweizer*, 268 N.C. 50, 149 S.E. 2d 565 (1966). There is nothing in the judge's comment lending itself to the conclusion that he held an opinion regarding the evidence on the case before him. The defendant has the burden of showing that the remarks made were

prejudicial to him under the circumstances under which they were made and a mere possibility of prejudice is insufficient to meet the burden. *State v. Green*, 268 N.C. 690, 151 S.E. 2d 606 (1966); *State v. Green*, 285 N.C. 482, 206 S.E. 2d 229 (1974). The defendant has failed to meet this burden. The trial judge was not expressing an opinion regarding the evidence or the State's case, he was merely attempting to clarify the testimony of the witness by having him relate exactly what rights were explained to the defendant. The criterion for determining whether a trial judge has deprived the defendant of his right to a fair trial by improper comments or remarks is the probable effect upon the jury, considered in the light of circumstances under which it was made. *State v. Cox*, 6 N.C. App. 18, 169 S.E. 2d 134 (1969). There was nothing in this exchange to indicate that the judge held an opinion, or that the role of the jury as trier of fact might be prejudiced. This assignment of error is overruled.

[2]  The defendant's second assignment of error is directed to the admission into evidence of the result of the breathalyzer test. The administering officer observed the defendant for a period of 20 minutes. The defendant contends that G.S. 20-16.2 requires the operator to wait 30 minutes before administering the test, absent a showing by the State of a waiver by defendant of his right to have an attorney or witness present. Defendant does not contend that a witness or lawyer was on the way to the scene of the test nor that an additional 10 minutes would have resulted in any change of status. The pertinent part of the statute reads as follows:

> "(a) . . . The person arrested shall forthwith be taken before a person authorized to administer a chemical test and this person shall inform the person arrested both verbally and in writing and shall furnish the person a signed document setting out:
>
> .   .   .
>
> (4) That he has the right to call an attorney and select a witness to view for him the testing procedures; but that the test shall not be delayed for this purpose for a period in excess of 30 minutes from the time he is notified of his rights."

It is clear that the statute constitutes a maximum of 30 minutes delay for the defendant to obtain a lawyer or witness. It does not

require that the administering officer wait 30 minutes before giving the test when the defendant has waived the right to have a lawyer or witness present or when it becomes obvious that defendant doesn't intend to exercise this right.

> "If it is determined that he was advised of such rights, and did not waive them, the results of the test are admissible into evidence only if the testing was delayed (not to exceed thirty minutes) to give defendant an opportunity to exercise such rights." *State v. Shadding*, 17 N.C. App. 279, 194 S.E. 2d 55 (1973), *cert. denied* 283 N.C. 108, 194 S.E. 2d 636 (1973).

Defendant was informed of his rights but did not sign the waiver of rights form. Defendant argues that *State v. Shadding, id.*, requires a hearing at which the State must affirmatively show that defendant waived his rights or that a period of 30 minutes was allowed for defendant to exercise his rights. No hearing was held in the instant case but in *Shadding* this Court held that the trial judge must conduct a hearing when objection is made to the admission of the result of a breathalyzer test on the ground that defendant was not informed of his rights. The grounds for objection to the admission of the result of the test in the instant case was that *the State had not shown that defendant had waived his rights*, not that defendant was uninformed of his rights. There is no question that defendant had been informed of his rights and a hearing as required under *Shadding* was not necessary. The record also discloses that defendant was afforded an adequate opportunity to exercise his rights under the statute, as he was observed for a 20-minute period, during which he made a phone call, before he was given the test. The statute provides for a delay *not in excess of 30 minutes* for defendant to exercise his rights and a delay of less than 30 minutes is permissible where, as here, the record is barren of any evidence to support a contention, if made, that a lawyer or witness would have arrived to witness the proceeding had the operator delayed the test an additional 10 minutes. This assignment of error is overruled.

[3] The defendant's third assignment of error is directed to the eliciting of evidence of previous convictions of traffic offenses, i.e., drunken driving, by cross-examination of defendant. The defendant contends that the State must show that the defendant was represented by counsel or voluntarily waived his right to counsel at the prior convictions before the convictions may be used to im-

peach the witness. This assignment of error is without merit. The defendant does not contend that the prior convictions were void, but that the State must prove them to be valid before the convictions can be used to impeach the witness. The burden is on the defendant to show the prior convictions to be void and, therefore, improper subjects of cross-examination. There is no burden on the State to prove the regularity of the convictions. Regularity is to be presumed. The defendant offered no evidence proving the prior convictions to be void and, therefore, failed to disqualify the convictions as grounds for impeachment. This assignment of error is overruled.

No error.

Judges VAUGHN and CLARK concur.