STATE OF NORTH CAROLINA v. MARLON KEITH WILLIAMS

No. 7727SC539

(Filed 21 December 1977)

**Criminal Law § 86.2— impeachment of defendant—prior convictions—regularity presumed**

There is a presumption of regularity of earlier convictions of defendant, and the State has no burden to prove the regularity of the convictions before it can use them to impeach defendant.

ON writ of certiorari to review proceedings before *Thornburg, Judge.* Judgment entered 11 March 1977 in Superior Court, GASTON County. Heard in the Court of Appeals 25 October 1977.

---

---

Defendant was convicted, upon proper indictment, of armed robbery, and judgment was entered sentencing him to from 12 to 15 years imprisonment.

The State's evidence tended to show that defendant and another male, not identified, went in the I-85 Shell Service Station in Lowell at about 10:15 p.m. on 11 January 1977. They said they were out of gas and needed a can of gas to take to their car. The station attendant told them he could not let them have a can without a deposit because it might not be returned. One of them pulled $3 from his pocket, saying that was all he had. The attendant asked if either of them had a watch. Defendant was wearing a watch, and the attendant told him that the watch could be left for a deposit and picked up when the can was returned. He refused, and, upon being told that they could not take the can, one of them pulled a small caliber gun, stuck it in attendant's side, cocked it, and put his left hand on the attendant's shoulder. Defendant lifted his sweat shirt, disclosing a larger caliber gun in his belt. Defendant got the money from the cash register, and the two then made the attendant open the safe from which they took the change bags. They then took the attendant into the office and ransacked it. After having gone through all the drawers in the station, they took the attendant to the stockroom, shut the door, and pulled some crates in front of the door. The attendant waited a short while, got out, and called the police.

There was no question raised about the identification of defendant by the attendant.

*Attorney General Edmisten, by Associate Attorney Christopher P. Brewer, for the State.*

*Public Defender Jim R. Funderburk for defendant appellant.*

MORRIS, Judge.

Defendant's present counsel, recognizing that for several violations of the North Carolina Rules of Appellate Procedure, this appeal is subject to dismissal, has filed a petition for a writ of certiorari asking that we review the trial of defendant, because the obvious neglect of former counsel properly to perfect the appeal was due to no fault of this indigent defendant. We have allowed the petition and will treat defendant's assignment of error on its merits.

By the one assignment of error brought forward, defendant contends that the court erred in overruling his objection to the District Attorney's asking defendant to relate to the jury the crimes of which he had been convicted "until he [the defendant] states whether or not he had counsel". The defendant answered that he had been convicted of misdemeanor larceny and assault. There was no motion to strike.

This question has been answered by this Court in *State v. Buckner*, 34 N.C. App. 447, 238 S.E. 2d 635 (1977). The opinion was not available to defendant at the time he filed his brief. In *Buckner*, we held that there is a presumption of regularity, and the State has no burden to prove the regularity of the convictions before it can use the convictions to impeach the defendant. This assignment of error is overruled.

No error.

Judges VAUGHN and CLARK concur.