STATE OF NORTH CAROLINA v. WILSON REECE ATKINSON

No. 7821SC893

(Filed 6 February 1979)

**1. Criminal Law § 75.15— intoxicated defendant—statements voluntary**

Evidence was sufficient to support the trial court's findings that defendant had been advised of his *Miranda* rights, that he stated to an officer that he understood his rights, did not want an attorney, and was willing to talk to the officer, and the fact that defendant was intoxicated did not negate the court's conclusion that defendant's statements were freely, understandingly and voluntarily made.

**2. Criminal Law § 86.2— impeachment of defendant—prior convictions—presumption of validity**

The use of convictions which are constitutionally invalid under *Gideon v. Wainwright*, 372 U.S. 335, for purposes of impeaching defendant's credibility deprives him of due process of law; however, convictions are presumed valid, and the burden of proof is on the defendant to prove his inability to employ counsel at the time of the conviction which he contends was invalid.

**3. Criminal Law § 86.2— impeachment of defendant—prior unrelated offenses**

In a prosecution for driving under the influence and assaulting a law enforcement officer engaged in the performance of his duties, the trial court did not err in allowing the State to use defendant's prior motor vehicle convictions for impeachment purposes, since a defendant who testifies is subject to cross-examination concerning prior convictions including unrelated violations of motor vehicle laws.

**4. Criminal Law § 86.2— other offenses by defendant—admissibility to show lack of trustworthiness**

Defendant's prior convictions over the past several years were admissible as tending to show his lack of trustworthiness.

**5. Automobiles § 127.1— drunk driving—defendant as driver—sufficiency of evidence**

In a prosecution for driving under the influence, evidence was sufficient to show that defendant was driving a car at the time in question where it tended to show that defendant was seen leaving his car which was located partially on the road and partially on the curb; when an officer arrived at the car, the motor was still running, and defendant told the officer that he had run his car off of the roadway; when a second officer arrived, defendant again stated that

he had run off the road; and still later, defendant was asked if he had been operating a motor vehicle and he stated that he had.

**6. Automobiles § 129; Criminal Law § 113.3— defendant's intoxication when statements made—no request for instruction**

In a prosecution for driving under the influence where there was evidence that defendant had made statements that he was the driver of the car in question, and that he was intoxicated at the time he did so, defendant was not entitled, absent a request, to a special instruction informing the jury that they must consider the condition of defendant at the time he made the statements in determining the weight and credibility to be given those statements.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 24 May 1978 in Superior Court, FORSYTH County. Heard in the Court of Appeals sitting in Winston-Salem 6 December 1978.

The defendant was charged with the misdemeanors of operating a motor vehicle while under the influence of an intoxicating liquor and assaulting a law enforcement officer engaged in the performance of his duties. Upon his pleas of not guilty to both charges, the jury found him guilty of operating a motor vehicle while the amount of alcohol in his blood was .10 percent or more by weight and guilty as charged of assault on a law enforcement officer engaged in the performance of his duties. From judgment sentencing him to imprisonment for a term of six months and a term of eighteen to twenty-four months for the respective crimes, the defendant appealed.

The State's evidence tended to show that Officer Jan Culler of the Winston-Salem Police Department was dispatched to answer a call concerning a stranded motorist on 2 March 1978. As she approached her destination, she observed the defendant leave a 1973 Chevrolet that was located partially on the highway and partially on the curb. After leaving the car, the defendant walked across the median towards a telephone. When she reached the defendant's car, he returned to talk to her. The motor of the defendant's car was still running, and he told the officer that he had run his car off the roadway. As the two talked, Officer Culler detected a strong odor of alcohol about the defendant and noticed that he was having difficulty standing. She asked the defendant to take three performance tests, but he either would not or could not perform the tests. The defendant was then placed under arrest for driving under the influence.

After he was arrested, the defendant became belligerent and threatened the officer. Officer Culler then radioed for assistance. When a second officer arrived at the scene, he found that Officer Culler had already handcuffed the defendant and placed him in the backseat of her patrol car. The second officer, Officer D. R. Wilson, then advised the defendant of his Miranda rights. The defendant waived those rights and was asked what happened. The defendant responded that he had run off the side of the road.

The defendant was transported to the police station where he was again informed of his rights. Officer Culler asked the defendant if he had been operating a vehicle and he stated that he had. Thereafter, the defendant incorrectly identified the highway he had been on, the city he was in and the date.

After being questioned, the defendant was taken to Officer Balinda Gale Ingram, a licensed breathalyzer operator. After being advised of his rights in connection with the breathalyzer test, the defendant submitted to the test. The results of the breathalyzer test indicated that the defendant had .19 percent alcohol to blood by weight.

After the breathalyzer test had been completed, Officer Wilson took the defendant to a holding cell. As Officer Wilson attempted to close the door to the cell, the defendant grabbed him around the throat and began choking him. Officer Wilson was able to free himself from the defendant's grip and subdued the defendant.

The defendant offered evidence tending to show that he and two other men left work in Raleigh on 2 March 1978 and drove to a liquor store where they bought a fifth of liquor. As the defendant drove toward Winston-Salem, the three began to drink the liquor. It soon began to snow, and the defendant stopped to allow one of the other men to drive. When they reached Winston-Salem, the driver stopped and let one of the passengers out of the car and then continued driving with the defendant as a passenger. As they proceeded, the car slid on the snow and became stuck. The driver told the defendant that he had to leave, and the defendant indicated he would remain with the car until a wrecker could pull it back onto the highway.

The defendant testified that, after the driver left, he went to a telephone to call a wrecker. When he returned to his car, Of-

ficer Culler was there. She handcuffed him and placed him in the backseat of her patrol car without giving him any type of performance test. When Officer Wilson arrived, he did not advise the defendant of his rights, and the defendant did not make any statement. The defendant further testified that he and Officer Wilson exchanged a few hostile words at the police station. After having made certain comments to Officer Wilson, the defendant could not remember anything else that occurred at the police station.

Additional facts pertinent to this appeal are hereinafter set forth.

*Attorney General Edmisten, by Assistant Attorney General Elizabeth C. Bunting, for the State.*

*White and Crumpler, by Fred G. Crumpler, Jr., G. Edgar Parker, V. Edward Jennings, Jr. and David R. Tanis, for defendant appellant.*

MITCHELL, Judge.

[1] The defendant assigns as error the trial court's determination that certain statements made by the defendant to the effect that he was driving a car were admissible in evidence. The defendant contends that his intoxication prevented him from voluntarily waiving his Miranda rights or making a meaningful confession. Therefore, the defendant contends that the trial court erred in its ruling upon the admissibility of his statements.

When the State offers a defendant's confession that he has committed the crime charged or some essential element thereof, and the defendant objects, the trial court must conduct a voir dire hearing to determine its admissibility. The trial court must hear the evidence, observe the demeanor of the witnesses and resolve any questions by appropriate findings of fact. *State v. Jones,* 294 N.C. 642, 243 S.E. 2d 118 (1978). If the trial court's findings are supported by competent evidence, they are deemed to be conclusive on appeal. *State v. Small,* 293 N.C. 646, 239 S.E. 2d 429 (1977); *State v. Fox,* 277 N.C. 1, 175 S.E. 2d 561 (1970).

In the present case, the trial court conducted such a hearing and found that the defendant had been advised of his Miranda rights. The trial court further found that the defendant stated to

the officer that he understood his rights, did not want an attorney and was willing to talk to the officer. These findings are supported by competent evidence and must be considered conclusive.

From these findings, the trial court concluded that the defendant's statements were freely, understandingly and voluntarily made. The fact that the defendant may, well have been intoxicated does not negate this conclusion. An admission by an intoxicated defendant is admissible unless the defendant is so intoxicated as to be unconscious of the meaning of his words. *State v. McClure*, 280 N.C. 288, 185 S.E. 2d 693 (1972); *State v. Logner*, 266 N.C. 238, 145 S.E. 2d 867, *cert. denied*, 384 U.S. 1013, 16 L.Ed. 2d 1032, 86 S.Ct. 1983 (1966). The trial court did not find that the defendant was unconscious of the meaning of his words. We therefore find no error in the trial court's conclusion that the defendant's statements were freely, understandingly and voluntarily made and were admissible in evidence.

[2] The defendant next contends that the trial court erred in allowing the District Attorney to impeach him by questioning him concerning his prior convictions without first ascertaining whether the defendant was represented by counsel at the time of those prior convictions. As the defendant correctly points out, the use of convictions which are constitutionally invalid under *Gideon v. Wainwright*, 372 U.S. 335, 9 L.Ed. 2d 799, 83 S.Ct. 792 (1963) for purposes of impeaching the defendant's credibility deprives him of due process of law. *Loper v. Beto*, 405 U.S. 473, 31 L.Ed. 2d 374, 92 S.Ct. 1014 (1972). The use of prior void convictions for purposes of impeachment of a criminal defendant deprives him of due process where their use might well have influenced the outcome of the case. However, convictions are presumed valid, and the burden of proof is on the defendant to prove his inability to employ counsel at the time of the conviction which he contends was invalid. *State v. Vincent*, 35 N.C. App. 369, 241 S.E. 2d 390 (1978); *State v. Williams*, 34 N.C. App. 744, 239 S.E. 2d 620 (1977); *State v. Buckner*, 34 N.C. App. 447, 238 S.E. 2d 635 (1977). The record before us on appeal reveals no evidence of any type tending to show that the defendant was not represented by counsel at any of his prior convictions. Therefore, the defendant failed to meet his burden of proof and his assignment of error is overruled.

[3] The defendant next contends that the trial court erred in allowing the State to use his prior motor vehicle convictions for impeachment purposes. When a defendant takes the stand and testifies, he is subject to cross-examination concerning prior convictions including unrelated violations of motor vehicle laws. *Ingle v. Transfer Corp.*, 271 N.C. 276, 156 S.E. 2d 265 (1967); *State v. Long*, 20 N.C. App. 91, 200 S.E. 2d 825 (1973). The determination as to whether such an examination is unfair rests largely in the discretion of the trial court. *State v. Blackwell*, 276 N.C. 714, 174 S.E. 2d 534, *cert. denied*, 400 U.S. 946, 27 L.Ed. 2d 252, 91 S.Ct. 253 (1970). As nothing in the record indicates that the trial court abused its discretion in this regard, the defendant's assignment of error is overruled.

[4] The defendant next contends that the trial court erred in allowing the State to use certain prior convictions for impeachment purposes due to their remoteness in time. Prior convictions are relevant to show the defendant's lack of credibility and trustworthiness as a witness. *State v. McLean*, 294 N.C. 623, 242 S.E. 2d 814 (1978). A series of convictions which continue well into the past may be relevant to show a defendant's repeated and abiding contempt for the law and, thereby, his lack of trustworthiness. *State v. Ross*, 295 N.C. 488, 493, 246 S.E. 2d 780, 784 (1978). Therefore, the defendant's prior convictions over the past several years were admissible as tending to show his lack of trustworthiness.

[5] The defendant also assigns as error the failure of the trial court to grant his motions to dismiss at the close of the State's evidence and at the close of all the evidence. He contends that the evidence was insufficient to show that he was driving a car at the time in question. We do not agree.

In ruling upon a defendant's motion to dismiss for insufficiency of evidence, the evidence must be considered in the light most favorable to the State and the State must be given the benefit of every reasonable inference deducible therefrom. *State v. Snead*, 295 N.C. 615, 247 S.E. 2d 893 (1978). The evidence before the trial court, when considered in such light, reveals that the defendant was seen leaving his car. When an officer arrived at the car, the motor was still running, and the defendant told the officer that he had run his car off of the roadway. When a second officer arrived,

the defendant again stated that he had run off the road. Still later, the defendant was asked if he had been operating a motor vehicle and stated that he had. This evidence was more than sufficient to support a reasonable inference that the defendant had been driving. The motions were properly denied, and this assignment of error is overruled.

[6]  Finally, the defendant assigns as error the failure of the trial court to sufficiently instruct the jury concerning the weight and effect of the defendant's statements that he was the driver of the car. As there was evidence tending to indicate that the defendant was intoxicated, he contends that he was entitled to a special instruction informing the jury that they must consider the condition of the defendant at the time he made the statements in determining the weight and credibility to be given those statements.

It is clear that the trial court is required to declare and explain the law arising on the evidence. G.S. 15A-1232. This would require that an instruction be given on every substantive feature of the case, even in the absence of a request for such an instruction. *See State v. Hornbuckle*, 265 N.C. 312, 144 S.E. 2d 12 (1965). However, the trial court need not instruct the jury with any greater particularity than is necessary to enable the jury to apply the law to the substantive features of the case arising on the evidence when, as here, the defendant makes no request for additional instructions. *State v. Spratt*, 265 N.C. 524, 144 S.E. 2d 569 (1965); *State v. Patton*, 18 N.C. App. 266, 196 S.E. 2d 560 (1973).

A substantive feature of a case is any component thereof which is essential to the resolution of the facts in issue. Evidence which does not relate to the elements of the crime itself or the defendant's criminal responsibility therefore are subordinate features of the case. *State v. Williams*, 289 N.C. 439, 222 S.E. 2d 242, *death sentence vacated*, 429 U.S. 809, 50 L.Ed. 2d 69, 97 S.Ct. 45 (1976). The weight to be accorded the defendant's confessions concerns a subordinate feature of the case and is not a substantive feature thereof which requires a specific instruction in the absence of a special request. *State v. Williams*, 289 N.C. 439, 222 S.E. 2d 242, *death sentence vacated*, 429 U.S. 809, 50 L.Ed. 2d 69, 97 S.Ct. 45 (1976); *State v. Lester*, 289 N.C. 239, 221 S.E. 2d 268 (1976); *State v. Hunt*, 283 N.C. 617, 197 S.E. 2d 513 (1973). *But cf.*

*State v. Isom*, 243 N.C. 164, 90 S.E. 2d 237 (1955) (request by jury for instruction regarding weight to be given confession of a drunk). This assignment of error is without merit and is overruled.

The defendant received a fair trial free from prejudicial error, and we find

No error.

Judges CLARK and WEBB concur.