STATE OF NORTH CAROLINA
v.
RICHARD MICHAEL HARLEY
No. COA05-575
North Carolina Court of Appeals
Filed February 21, 2006
This case not for publication
Rockingham County No. 04 CRS 3010.
Attorney General Roy Cooper, by Assistant Attorney General Patricia A. Duffy, for the State.
Kevin P. Bradley for defendant-appellant.
MARTIN, Chief Judge.
Defendant was charged by citation with driving while impaired and with driving without liability insurance. Defendant was found guilty of driving while impaired. The trial court dismissed the charge of driving without liability insurance at the close of the State's evidence and imposed an active sentence of six months imprisonment.
The State presented evidence tending to show that on 10 May 2004, Officer Randy Len Bullins of the Eden Police Department stopped a van being operated by defendant. The officer observed a strong odor of alcohol on defendant's breath. The officer asked defendant to get out of the van. As the two conversed, defendant could not be still as he constantly shifted his weight from one leg to another and moved his arms about his sides. The officer observed that defendant's clothes were disorderly and soiled, his pants were unzipped, and his speech was slurred and mumbled. The officer asked defendant to submit to field sobriety tests. Defendant refused.
Officer Bullins arrested defendant for driving while impaired and transported him to the police station for the purpose of testing defendant's breath on the Intoxilyzer device. The officer read defendant his rights. Defendant refused to sign the form. Defendant made a telephone call to an attorney but nobody answered. After waiting fifteen minutes, Officer Bullins asked defendant to submit a sample of breath. Defendant refused three times. Officer Bullins wrote on the ticket that defendant refused. Defendant did not present any evidence.
By his first two arguments defendant contends (1) the trial court committed plain error by admitting evidence regarding his refusal to submit to the Intoxilyzer test, and (2) his counsel rendered ineffective assistance by not objecting or moving to strike the evidence. He argues the evidence should have been stricken because thirty minutes did not elapse between the time defendant was advised of his rights and the time he was recorded as having refused to submit to the test.
The pertinent statute provides:
Except as provided in this subsection or subsection (b), before any type of chemical analysis is administered the person charged shall be taken before a chemical analyst authorized to administer a test of a person's breath, who shall inform the person orally and also give the person a notice in writing that:
(1) The person has a right to refuse to be tested.
(2) Refusal to take any required test or tests will result in an immediate revocation of the person's driving privilege for at least 30 days and an additional 12-month revocation by the Division of Motor Vehicles.
(3) The test results, or the fact of the person's refusal, will be admissible in evidence at trial on the offense charged.
(4) The person's driving privilege will be revoked immediately for at least 30 days if:
a. The test reveals an alcohol concentration of 0.08 or more;
b. The person was driving a commercial motor vehicle and the test reveals an alcohol concentration of 0.04 or more; or
c. The person is under 21 years of age and the test reveals any alcohol concentration.
(5) The person may choose a qualified person to administer a chemical test or tests in addition to any test administered at the direction of the charging officer.
(6) The person has the right to call an attorney and select a witness to view for him or her the testing procedures, but the testing may not be delayed for these purposes longer than 30 minutes from the time when the person is notified of his or her rights.
If the charging officer or an arresting officer is authorized to administer a chemical analysis of a person's breath, the charging officer or the arresting officer may give the person charged the oral and written notice of rights required by this subsection. This authority applies regardless of the type of chemical analysis designated.
N.C. Gen. Stat. § 20-16.2(a) (2005). This Court has stated that the thirty minute time period referenced in the statute is available only when the accused intends to exercise his rights to call an attorney or have a witness present. Rock v. Hiatt, 103 N.C. App. 578, 584, 406 S.E.2d 638, 642 (1991). "The statute provides for a delay not in excess of 30 minutes for defendant to exercise his rights and a delay of less than 30 minutes is permissible where, as here, the record is barren of any evidence to support a contention, if made, that a lawyer or witness would have arrived to witness the proceeding had the operator delayed the test an additional 10 minutes." State v. Buckner, 34 N.C. App. 447, 451, 238 S.E.2d 635, 638 (1977).
Absent from the present record is any evidence that an attorney or other witness would be arriving. Defendant made a single attempt to contact an attorney. When nobody answered the telephone, defendant declined the officer's offer to dial the number of another attorney or of a witness. Instead, defendant affirmatively declared to the officer three times that he would not submit to the test. Under these circumstances, the court properly admitted the evidence.
To make a claim of ineffective assistance of counsel, a defendant must prove that counsel's performance was deficient and that his defense was prejudiced thereby. State v. Braswell, 312 N.C. 553, 562-63, 324 S.E.2d 241, 248 (1985). As the evidence was admissible, defendant was not prejudiced by counsel's failure to object. In his third argument, defendant contends the trial court erred by admitting evidence that defendant was operating the vehicle without insurance. He argues that this evidence was not relevant. Defendant's argument disregards the fact that defendant was being tried not only on a charge of driving while impaired but also on a charge of not having insurance on the vehicle. Evidence is relevant and admissible if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2005). Not only did this evidence tend to show that defendant was operating an uninsured vehicle, it also showed the chain of circumstances leading to the stop of the vehicle and the charge of driving while impaired.
Finally, defendant contends the trial court erred by finding that the aggravating factors outweighed the mitigating factors. He argues the weighing of aggravating factors should be done by a jury instead of a judge. This contention is overruled as the North Carolina Supreme Court recently declared in State v. Allen, 359 N.C. 425, 439, 615 S.E.2d 256, 266 (2005) that the balancing of aggravating and mitigating factors may still be done by a judge without violating one's right to a trial by jury.
We hold defendant received a fair trial, free of prejudicial error.
No error.
Judges BRYANT and GEER concur.
Report per Rule 30(e).