Nash, J.
 

 It is the privilege of parties to be heard at the Bar through their counsel, and a wide latitude is given to the latter in making their argument to the jury. Nor do we know of any obligation on a Judge to interrupt counsel in stating their conclusions either of law or fact. It is the right and the duty of the presiding Judge, if counsel state facts as proved, upon which no evidence has been given, to correct the mistake, and he may do it at the moment or wait until he charges the jury, perhaps the most appropriate time. In criminal charges the prisoner’s character cannot be put in issue by the State, unless he open the door by giving testimony of it . — nor is it a conclusion of law, that, from his silence, the jury are to conclude he is a man of bad character. Our attention has been drawn by the Attorney General to the case of
 
 Vane,
 
 12
 
 Wend.
 
 78, 82. It certainly sustains him in his position, but we do
 
 not
 
 feel disposed to follow it. We much prefer the rule established by this Court in the case, the
 
 State against Collins, 3
 
 Dev. 117. From the charge of the presiding Judge we learn, that no evidence was offered by the defendant to show that he was a man of good character.- “ The Counsel argued to the jury, that if they would not be justified by the testimony to convict the most respectable of their acquaintance, they would not in law be justified in convicting the prisoner.
 

 
 *253
 
 The jury was instructed that was
 
 not the true rule. That
 
 when a defendant introduced no such testimony, the true rule was, that if the evidence would not justify them in returning a verdict against a person of whom they had never heard before and of whom they knew nothing, but what was disclosed by the testimony, then it would not justify a verdict against the defendant.” This opinion was adopted by the Supreme Court. The rule is then established that no deduction results in law unfavorable or favorable to the character of an indvidual, charged by an indictment, from the fact that he has introduced no' evidence to shew he is a person of good character. The character, not appearing either good or bad, necessarily stands indifferent. Such is the rule in this State, and so we doubt not the presiding Judge would have charged the jury, if it had been required of him, but it was not asked. This Court has repeatedly decided, that an omission on the part of a Judge to'instruct the jury on a particular point was no error. If the party deem it material to his case, he must ask for instruction upon it. If the Judge then neglect or refuse to give the instruction, or does not lay down the law correctly, it will be error, for which a new trial will be granted.
 

 The motion in arrest of judgment cannot avail the defendant. The indictment uses the language of the act. But it is true that this, in all cases, is not sufficient. Thus in an indictment under the Statute for stealing a slave, the name of the slave must be
 
 set
 
 forth, and so in an indictment for forgery, the instrument forged must be set forth; and it is a general rule “that the special matter of the whole fact ought
 
 to be
 
 set forth with such certainty, that it may judicially appear to the Court, that the indictors have not gone on insufficient premises,”
 
 Hawk. Book, 2,ch. 55,sec.
 
 57; that is, that the facts set forth amount to a criminal offence, as charged. The authorities, to which our attention has been directed by the Counsel for the prisoner, sustain his proposition, but not
 
 *254
 
 his objection. The objection is that the indictment does not set forth the mark of Martha Benson, the owner of the cow, nor the mark into which the defendant put her ; at least, as we understand it, the language of the objection is, that the indictment does not charge the particular mode in which the mark was altered. Pursuing the words of the Statute is sufficient, except in cases where the subject of the indictment cannot be brought within the meaning of the Statute, without the aid of extrinsic evidence. There is an indictment on the Statute of 37th
 
 of George the ‘Ad,
 
 ch. 70, making it felony to
 
 endeavor
 
 to seduce a soldier or a sailor from his duty i it is sufficient to charge an
 
 endeavor,
 
 without setting out the means employed.
 
 Rex
 
 v.
 
 Fuller,
 
 1st Bos. & Pul. 180. The e??-
 
 deavor
 
 to seduce, without any respect to the means, is the gist of the offence.
 
 Arch. Cr. PL 52. Now
 
 in the case before us. it is of no importance what Mary Benson’s mark may be ; it is made criminal by the Statute knowingly to alter it, with intent to defraud, and it is a matter of no importance into whose mark it is altered; it is the wilful alteration that constitutes the offence. In addition to this, the indictment conforms to the precedents heretofore in use in this State and sanctioned by this Court. In the case of
 
 Davis,
 
 2d Ire. 153, the indictment is for effacing the mark, and the offence is described, as in this, by simply pursuing the words of the act. The mark of McConnell, the owner of the animal, is not set out nor is the mode of effacing it. It is true, that the motion in arrest of judgment did not rest on the objection now made ; but the attention of the Court was drawn to the sufficiency of the indictment, and in every case the Court looks into tho record, and, if any error is detected, then we do not wait to have it brought by Counsel to our notice. It cannot, be supposed, then, that this objection, if a sound one, would have escaped the observation of the Court. It has indeed by some been supposed, that too much astuteness is exhibited in discovering errors in records sent here. If
 
 *255
 
 it be desirable that the administration of the law should be kept steady and uniform, that the forms and precedents, established by the wisdom of our predecessors, should, as rarely as possible be departed from, it should be the object of every Court tó stand
 
 super antiquas vias.
 
 The case of
 
 Davis,
 
 then, may be considered a precedent for the indictment we are considering.
 

 We are of opinion there was no error committed by his Honor on the trial below, on either point decided by him.
 

 This opinion will be certified that the Superior Court of Edgecomb may proceed to judgment.
 

 Pee Cueiam. , Ordered accordingly.