### STATE v. JAMES HAROLD ROBERTS, HOUSTON DUFF AND JOHN MANLEY SHERRER.

(Filed 29 February, 1956.)

**1. Criminal Law § 50f—**

While wide latitude is allowed in arguments to the jury, counsel may not travel outside the record and inject into the argument matters not adduced by the evidence.

**2. Same—**

When counsel argues matters to the jury outside the record, it is the duty of the presiding judge to correct the transgression upon objection, and when the remarks are prejudicial and require intervention by the court, the failure of the court to correct the error entitles appellant to a new trial.

**3. Same—**

Where defendant introduces no evidence, argument of the solicitor to the effect that defendant had not put on any evidence and that none of his family were in court to show that he was not within the municipality in question at the time the offense was committed therein, is improper and prejudicial and should have been corrected by the court upon objection.

**4. Same—**

Remarks of the solicitor in his argument to the effect that he had not said a word about defendant not going on the witness stand is forbidden by statute and prejudicial. G.S. 8-54.

APPEAL by defendant Sherrer from *Pless, J.,* at November 1955 Term, of RUTHERFORD.

Criminal prosecution upon a bill of indictment charging in three separate counts, briefly stated, that James Harold Roberts, Houston Duff and John Manley Sherrer at and in Rutherford County (1) did unlawfully, willfully and feloniously break and enter a certain building of Matheny Motor Company, Inc., with intent to steal certain property therein; (2) did feloniously steal certain property of Matheny Motor Company, Inc.; and (3) did feloniously receive certain property of

Matheny Motor Company, Inc., "then and there well knowing" same had been feloniously stolen.

The record discloses that upon trial in Superior Court the defendants offered no evidence and that the jurors, naming them, "after having heard the evidence and argument of counsel, and the charge of the court, do say upon their oath that the said James Harold Roberts, Houston Duff and John Manley Sherrer are guilty of breaking and entering Matheny Motor Company, Inc., with intent to take, steal and carry away safe, checks and money as charged in the bill of indictment." Upon the verdict separate judgments as to the several defendants were pronounced. Defendants excepted to the judgments and appeal to the Supreme Court.

And the record also shows that the defendants Houston Duff and James "Harrell" Roberts, under date of 30 December, 1955, filed in Superior Court of Rutherford County a writing reading as follows:

"The above named defendants hereby desire to withdraw their appeal to the Supreme Court of North Carolina and respectfully request that the Honorable Vance Price, Clerk of the Superior Court of Rutherford County, issue a commitment putting their sentences into effect."

And the record further shows that defendant John Manley Sherrer alone perfected his appeal, and filed brief in the Supreme Court.

*Attorney-General Rodman and Assistant Attorney-General Bruton for the State.*

*Hamrick & Hamrick for defendant, appellant.*

WINBORNE, J. Among the assignments of error presented by appellant on this appeal, the case on appeal shows that Number Three is based upon exception of like number. It is well taken. It relates to incident which occurred during the course of the trial, narrated as follows:

"During the course of his argument to the jury the Solicitor argued that the defendants had not put up any evidence to show that they were not present in North Carolina at Forest City on the night that Matheny Motor Company was robbed and that their mothers and fathers and brothers and sisters were not here in court to show where they were on that night and that none of their families were here to show that they were not in Forest City on that night. Defendants Objected to this course of arguments as prejudicial and improper because no subpoenaes had been issued for anyone and there was no evidence that any of these men had families or fathers and mothers living.

"The court overruled the objection of the defendants and during the argument the Solicitor also stated in the presence of the jury that he

had not said a word about the defendants not going on the witness stand themselves. To the ruling of the court in overruling their objection to the argument the defendants, in apt time, excepted."

In this connection, wide latitude is given to the counsel in making arguments to the jury. *S. v. O'Neal,* 29 N.C. 251; *McLamb v. R. R.,* 122 N.C. 862, 29 S.E. 894; *S. v. Little,* 228 N.C. 417, 45 S.E. 2d 542.

However, counsel may not "travel outside of the record" and inject into the argument facts of his own knowledge or other facts not included in the evidence. McIntosh N. C. P. & P., p. 621. *Perry v. R. R.,* 128 N.C. 471, 39 S.E. 27; *S. v. Howley,* 220 N.C. 113, 16 S.E. 2d 705; *S. v. Little, supra; S. v. Hawley,* 229 N.C. 167, 48 S.E. 2d 35; *Cuthrell v. Greene,* 229 N.C. 475, 50 S.E. 2d 525.

And when the counsel does so, it is the right and, upon objection, the duty of the presiding judge to correct the transgression. *S. v. Little, supra,* and cases there cited.

In the present case, the defendant having offered no evidence, the remarks of the Solicitor to which the defendant objects and excepts injected into the case evidence outside the case. Moreover, in speaking to the objection in argument before the Judge, the remark of the Solicitor to the effect "that he had not said a word about the defendants not going on the witness stand themselves," would seem to have added emphasis to the previous language to which the defendant objects.

Furthermore, the latter remark is calculated to infringe upon the rule that comment may not be made upon the failure of a defendant in a criminal prosecution to testify. This is forbidden by statute, G.S. 8-54. See *S. v. McLamb,* 235 N.C. 251, 69 S.E. 2d 537, and numerous other cases.

For these reasons this Court is impelled to hold that, under the circumstances shown, the argument and remarks of the Solicitor were prejudicial to defendant, requiring intervention by the court. The record fails to show that the error was corrected. Hence there must be a new trial.

Finally, it is appropriate to say that while it appears upon the face of the record, by which this Court is bound on this appeal, that the jury, as hereinbefore recited, returned a verdict of guilty only as to the first count, that is, the count charging breaking and entering with intent to steal, judgment was pronounced on two counts, the one charging larceny, and the other charging breaking and entering with intent to steal. Nevertheless, since there must be a new trial as to appellant for reasons above stated, this matter, in so far as he is concerned, becomes immaterial.

Other assignments of error need not be considered.

New trial.