## STATE v. MELVIN ROBERT LEWIS.

(Filed 28 February, 1962.)

**1. Automobiles § 64—**

If in one continuous operation of his vehicle a motorist violates either G.S. 20-140(a) or 20-140(b), or both, he is guilty of but a single offense of reckless driving.

**2. Criminal Law § 164—**

Where the indictment contains two counts and the verdict clearly convicts defendant upon one of the counts and but a single judgment warranted by such count is imposed, any doubt as to whether the verdict constituted a conviction on the other count is immaterial.

**3. Criminal Law § 97—**

Even though any comment by the solicitor upon the failure of defendant to testify is improper, such impropriety is cured when the court categorically instructs the jury that defendant's failure to testify should not be construed in anywise to his prejudice and that the jury should disregard any statements relating to defendant's failure to testify. G.S. 8-54.

**4. Criminal Law §§ 116, 120—**

In a prosecution for reckless driving and speeding a verdict of "guilty of careless driving" is not responsive and is not a permissible verdict, and therefore the court correctly refuses to accept such verdict and properly orders the jury to retire again and return a proper verdict.

WINBORNE, C.J., not sitting.

APPEAL by defendant from *Mintz, J.,* September 1961 Term, CURRITUCK Superior Court.

Criminal prosecution tried upon a bill of indictment containing three counts: (1) Unlawful and wilful operation of a motor vehicle upon the public highway carelessly and heedlessly in wilful and wanton disregard of the rights and safety of others. (2) Unlawfully and wilfully operating a motor vehicle upon the public highway at a rate of

speed in excess of that allowed by law: to-wit, 70 miles per hour in a 60 mile per hour zone. (3) Unlawfully and wilfully operating a motor vehicle upon the public highway without due caution and circumspection, and at a speed and in a manner so as to endanger and be likely to endanger the person and property of diverse other persons and property then upon the highway.

The highway patrolman testified he observed the defendant driving a 1955 Ford on Highway 168 on the night of April 8, 1961. He observed the movement of the vehicle from 1,000 to 1,500 feet and in his opinion its speed was 70 miles per hour; that his speed watch clocked the vehicle at 70 m. p. h. He gave chase. Whereupon the defendant left the main highway, entered a dirt side road, and after traveling some distance at a speed of 45 miles per hour, with the lights cut off, the vehicle skidded and came to a stop in the highway where the driver abandoned it.

The defendant did not testify. However, he called one Leland Gibbs as a witness who testified he, and not the defendant, was the driver of the vehicle. Other evidence was introduced by the State tending to corroborate the patrolman. The defendant likewise introduced evidence tending to corroborate Gibbs.

During the argument the Solicitor stated: "He had not gone into certain evidence, to-wit, the statement of the defendant to the witness Weathersbee and to Mrs. Burger as being self-serving and for the reason that counsel for the defendant might get in certain self-serving statements and that he would not have to put the defendant on the stand as a witness in his own behalf."

Upon the basis of the solicitor's argument, the defendant moved for a mistrial and excepted to the court's refusal to grant it. In reference to this assignment, the judge charged the jury: "The defendant is not required to take the stand and if the defendant does not take the stand in his own behalf, as he has a right to do, or as he may elect to do, . . . that is a right he has and that his failure to take the stand should not be considered by the jury against him or to his prejudice. . . . Consequently no reference to his failure to take the stand is proper. I don't recall that any has been made, but if anything has been said about it by way of argument or objections or discoveries here, you will disregard those statements also."

As to permissible verdicts, the court charged the jury: "(1) Guilty as charged in the bill of indictment. (2) Guilty of reckless driving, and not guilty of speeding. (3) Guilty of speeding and not guilty of reckless driving." . . . "Or, if upon a fair and impartial consideration of all the facts and circumstances in the case you have a reasonable doubt

to — as to his guilt, then it would be your duty to give him the benefit of the doubt and acquit him as to the count of reckless driving, . . ."

"Now, as to speeding, if you find from the evidence and beyond a reasonable doubt that on the day in question the defendant drove his car along Highway 168, at a speed of 70 mph, in a zone with a speed limit of 60 mph, if you should so find, beyond a reasonable doubt . . . it would be your duty to convict him . . . If you are not so satisfied, or if you have a reasonable doubt, . . . it would be your duty to give him the benefit of the doubt and acquit him on the charge of speeding."

After a period of deliberation the jury returned to the court room and one of the jurors reported: "We find the defendant guilty of careless driving." Another juror asked: "Could we find the defendant guilty of careless driving?"

The Court: "He is charged with reckless driving."

The court did not accept the verdict. The jury, after further deliberation, returned the following verdict: "Guilty as charged on both counts."

The court imposed a prison sentence of four months, from which the defendant appealed, assigning errors.

*T. W. Bruton, Attorney General, Charles D. Barham, Jr., Asst. Attorney General for the State.*

*Frank B. Aycock, Jr., Gerald F. White for defendant appellant.*

HIGGINS, J. The confusion in this case apparently arose by reason of the two counts (1) and (3) in the bill, each purporting to charge a separate offense of reckless driving. All the evidence in the case showed one continuous operation of the vehicle. The reckless driving statute, G.S. 20-140, was amended by Ch. 1264, Session Laws of 1959, by separating under subsections (a) and (b) precisely the same acts which the statute already provided should constitute the offense of reckless driving. So, if a defendant is guilty of the acts condemned either under (a) or (b), or both, on one continuous operation of his vehicle, he is guilty of one offense of reckless driving and not guilty of two separate offenses.

It would seem, in the light of the charge, the verdict which the court accepted, "Guilty as charged on both counts," was a conviction on the charge of speeding and reckless driving rather than on two charges of reckless driving. However, conceding the verdict leaves some room for doubt in this respect, the verdict as accepted by the court was certainly sufficient to constitute one valid conviction for reckless driving. Only

one judgment was rendered and a conviction on a single count of reckless driving is sufficient to support the judgment imposed.

The defendant elected not to testify as a witness in his own defense. Hence any comment by the solicitor, calling attention to this failure, was improper. However, the presiding judge carefully instructed the jury that defendant's failure to testify in his own defense should not be construed in any wise to his prejudice. We feel that under the decisions of this Court the presiding judge properly and effectively removed any prejudicial effect that might have resulted from the solicitor's argument. G.S. 8-54; *State v. Roberts,* 243 N.C. 619, 91 S.E. 2d 589; *State v. Little,* 228 N.C. 417, 45 S.E. 2d 542; *State v. Brackett,* 218 N.C. 369, 11 S.E. 2d 146; *State v. Tucker,* 190 N.C. 708, 130 S.E. 720.

The defendant contends the verdict first reported, "Guilty of careless driving," was tantamount to a verdict of not guilty on all counts of the bill. However, careless driving is not a crime. Such a verdict is not responsive to the charges of speeding and reckless driving contained in the bill. It was undoubtedly within the power of the presiding judge, in his discretion, to refuse to accept the verdict as first reported and to direct the jury to return a verdict on the charges laid in the bill. " 'Guilty of driving' is no crime and is not responsive to the charge in the indictment. Hence, the trial judge had the discretionary power to give further instructions to the jury and order that they retire and give further consideration to the matter and return a proper verdict." *State v. Gatlin,* 241 N.C. 175, 84 S.E. 2d 880. The case of *State v. Perry,* 225 N.C. 174, 33 S.E. 2d 869, relied on by the defendant, is not in point. The jury in that case returned a permissible verdict. In the instant case, as in Gatlin, the jury attempted to return an improper verdict.

Other assignments of error discussed by the defendant, including the objection to the charge, have been carefully examined and are found to be without merit. The evidence was ample to support the verdict. Its weight was for the jury.

No error.

WINBORNE, C.J., not sitting.