STATE OF NORTH CAROLINA v. DAVID G. LINDSAY

No. 26

(Filed 10 March 1971)

**1. Robbery § 4— armed robbery — sufficiency of evidence**

Evidence of defendant's guilt of armed robbery was sufficient to withstand his motion for a directed verdict of not guilty at the close of the State's evidence.

**2. Criminal Law § 170— solicitor's reference to defendant's failure to testify**

Solicitor's improper reference to the failure of defendant to testify and to offer evidence in his defense was cured by the trial court's prompt and explicit instructions to the jury to ignore the reference.

ON October 1, 1970, the North Carolina Court of Appeals, on motion, allowed *certiorari* to review the judgment of *Ervin, J.,* June 10, 1970 Session, GASTON Superior Court. The cause was docketed and heard in the Supreme Court pursuant to its rule of July 31, 1970.

The defendant, David G. Lindsay, age 18, was indicted for the armed robbery of Herbert Gullick. Based upon proper findings, the trial court appointed James H. Atkins as attorney for the defendant. On arraignment the defendant entered a plea of not guilty. The State's evidence, in short summary, disclosed that on March 22, 1970, the defendant and two others assaulted Herbert Gullick with a pistol and forcibly took from his person, his wallet containing twenty to thirty dollars and other valuables. The identity of the defendant as the one who actually removed the wallet from the pocket of the witness was established by Mr. Gullick, by his wife and strong corroborating evidence by the investigating officers. The defendant did not testify and did not offer evidence. The jury returned a verdict of guilty. The court imposed a sentence of eight years to be served in the prison for youthful offenders.

The court permitted the defendant to appeal as a pauper and again appointed Mr. James H. Atkins to prosecute the appeal.

*Robert Morgan, Attorney General, William Lewis Sauls, Staff Attorney for the State.*

*James H. Atkins for defendant appellant.*

HIGGINS, Justice.

[1]   The defendant by Assignment of Error No. 3 contends the trial court committed error by denying his motion for a directed verdict of not guilty interposed at the close of the State's case. The evidence was direct, complete and made out a strong case of armed robbery as defined by G.S. 14-87. *State v. Miller*, 268 N.C. 532, 151 S.E. 2d 47; *State v. Carter*, 265 N.C. 626, 144 S.E. 2d 826; *State v. Stephens*, 262 N.C. 45, 136 S.E. 2d 209. The defendant's motion to dismiss was properly denied.

[2]   The defendant, by his Assignment of Error No. 4, challenges as error the court's failure to grant his motion for a mistrial because of the solicitor's comment to the jury that the defendant had failed to testify and had failed to offer evidence in his defense. When the attention of the trial judge was called to the solicitor's remarks, the trial judge charged the jury as follows:

> " 'I instruct you members of the jury that the defendant has no duty to establish anything and that his decision not to take the witness stand is not to be held against him by you in the course of the deliberations, so if anything was said to you on the point, you are to disregard it, and I will instruct you again on that point in the course of the charge.' In the Judge's charge he instructed the Court as follows: 'The Court instructs you that the defendant in this case, David Lindsay, has not testified. That is to say, he did not go upon the witness stand and offer evidence on his own behalf. In this connection the Court instructs you that the law of North Carolina gives him this privilege. That is to say, the law says that he has the right to decide whether he will testify or whether he will remain off the witness stand. This is the right of every defendant in every criminal prosecution and the law which gives him this right to make this choice also assures him that his decision not to testify will not be used against him. Therefore, the Court instructs you that you must be very careful in the course of your deliberations not to allow the defendant's silence or the defendant's decision not to offer testimony in his own behalf to influence your decision in any way for to do so would be to penalize him for exercising a right which our law says he has and which our law recognizes and which our law assures him that he will not be preju-

diced or penalized by electing to do what the law says he has a perfect right to do.' "

The solicitor's reference to the defendant's failure to testify was a transgression of proper trial procedure and was error. However, as this court said in *State v. Lewis,* 256 N.C. 430, 124 S.E. 2d 115, and repeated, amplified and emphasized in *State v. Stephens, supra,* any harmful effect was removed by the court's prompt and explicit instructions to the jury to disregard the reference. The error was rendered harmless by the court's prompt and vigorous action. We have no cause in this instance to believe the jury failed to heed the court's instuctions.

No error.