STATE OF NORTH CAROLINA v. MACK EDWARD JONES

No. 7319SC576

(Filed 12 September 1973)

**Criminal Law § 102— reference to failure of defendant to take stand in jury argument — error**

> Where the prosecution in its argument to the jury stated, "Mack Jones is guilty, and if he was not guilty he would have taken the stand to deny it; instead he put his twelve-year-old son on the stand to lie for him," defendant is entitled to a new trial since the trial judge's subsequent instruction with respect to defendant's failure to take the stand was insufficient to cure the prejudicial effect of the argument.

ON *certiorari* to review trial before *McConnell, Judge,* August 1972 Session of Superior Court held in CABARRUS County.

Defendant was convicted of murder in the second degree. Defendant's wife was the victim of the homicide which occurred in the residence of defendant, his wife and children. Judgment was entered imposing a prison sentence of not less than twenty-five nor more than thirty years. We allowed defendant's petition for certiorari.

*Attorney General Robert Morgan by Norman L. Sloan, Associate Attorney, for the State.*

*Clarence E. Horton, Jr., for defendant appellant.*

VAUGHN, Judge.

Defendant's assignments of error based on the failure of the court to grant his motions for nonsuit are without merit. The evidence was sufficient to go to the jury on the charge of murder in the second degree and fully supports the jury's verdict of guilty on that charge.

Defendant did not testify. The only witness for the defense was Frank Edward Jones, one of several children of defendant and deceased who were present in the home on the night of the homicide.

One of the privately employed attorneys for the prosecution made the following argument to the jury:

"Mack Jones is guilty, and if he was not guilty he would have taken the stand to deny it; instead he put his twelve-year-old son on the stand to lie for him."

Defense counsel's objection was sustained. The court then instructed the jury as follows:

"The Statute provides that the defendant has a right to choose whether or not he goes upon the stand and the fact that he does not go upon the stand shall not be considered by you against him."

The impropriety of the quoted argument by the prosecution is so elementary that it does not require discussion. It is error to comment on the failure of a defendant to testify. Here the argument not only violates this familiar rule, but it also contains the statement that if defendant were not guilty he would have taken the stand to deny guilt. This argument was obviously calculated to mislead the jury into the belief that they should consider defendant's silence at trial as a circumstance indicating guilt. Moreover, the statement ". . . he (defendant) put his twelve-year-old son on the stand to lie for him" was as offensive to the administration of justice in this case as was the first part of the argument. *See State v. Miller*, 271 N.C. 646, 157 S.E. 2d 335. Although the judge, after objection, gave the quoted instruction we cannot hold that it was sufficient to cure the prejudicial effect of the argument and render it harmless, especially since the court did not instruct the jury that the argument they had just heard was improper and that it should be disregarded. *State v. McLamb*, 235 N.C. 251, 69 S.E. 2d 537.

There must be a new trial because of the improper argument of the privately employed attorney for the prosecution.

New trial.

Judges CAMPBELL and BALEY concur.