STATE OF NORTH CAROLINA v. ROBERT JEROME EDWARDS

No. 7521SC436

(Filed 5 November 1975)

1. Criminal Law § 91— denial of motion for continuance

The trial court did not abuse its discretion in the denial of defendant's motion for continuance made during pretrial arraignment so that defendant could cross-examine the State's identifying witness to establish the witness's testimony in the record for later impeachment purposes.

2. Jury § 6— examination of prospective jurors — prejudices against homosexuality

The trial court in a homicide case did not err in permitting the district attorney to question prospective jurors regarding their prejudices against homosexuality for the purpose of ascertaining whether the jurors could impartially consider the evidence with knowledge that the State's witnesses were homosexuals or transvestites.

3. Criminal Law § 43— motion to reexamine photograph

The trial court in a homicide case did not err in the denial of defendant's motion to reexamine photographs of the crime scene which were not presented into evidence by the State.

4. Criminal Law § 80— request to see witness's statement

Defendant in a homicide case was not prejudiced by the denial of his request to see the statement of a State's witness.

**5. Criminal Law § 169— exclusion of testimony — admission of other testimony of same import**

　　Defendant in a homicide case was not prejudiced by the exclusion of testimony as to the homosexual tendencies of the State's witnesses where other evidence was admitted regarding the homosexual and transvestite tendencies of the State's witnesses.

**6. Criminal Law § 102— argument of district attorney — failure of defendant to testify**

　　The district attorney did not comment on defendant's failure to testify in his argument to the jury on the effect of defendant's plea of not guilty and the resulting burden of proof imposed on the State in consequence of such plea.

APPEAL by defendant from *Albright, Judge*. Judgment entered 10 January 1975 in Superior Court, FORSYTH County. Heard in the Court of Appeals 16 September 1975.

Defendant was charged in a bill of indictment with the first degree murder of Robert Lee Hauser. Defendant entered a plea of not guilty and was tried before a jury.

The evidence tended to establish that Robert Lee Hauser was in the bedroom of a liquor house watching television with Joseph and Cathy Parker. The defendant came into the bedroom and announced that "it was a stickup" and told Hauser to "get it." While the defendant was talking to Cathy Parker, Hauser ran by the defendant and out of the house. The defendant shot Hauser in the back as he ran away.

The jury returned a verdict of guilty of second degree murder. From a judgment imposing a prison sentence, the defendant appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General Ralf Haskell, for the State.*

*Moore, Green, Parrish and Yokley, by Thomas J. Keith, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant contends that the trial court erred in refusing to grant his motion for a continuance during pretrial arraignment. The defendant sought a continuance in order to cross-examine the State's identifying witness to establish the witness's testimony in the record for later impeachment purposes. It is a well established rule in North Carolina that granting a motion

for a continuance is within the discretion of the trial court and its exercise will not be reviewed in the absence of manifest abuse of discretion. *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1972) ; *State v. Stinson,* 267 N.C. 661, 148 S.E. 2d 593 (1966) ; *State v. Morrison,* 19 N.C. App. 717, 200 S.E. 2d 341 (1973). We cannot say that the trial judge abused his discretion in denying defendant's motion for continuance.

**[2]**   Defendant next contends that the trial court erred in overruling his objection to the District Attorney's questioning of prospective jurors regarding their prejudices against homosexuality. Defendant argues that the District Attorney was in essence testifying to facts which were never presented into evidence.

The exercise of the right to inquire into the fitness of jurors is subject to the trial court's close supervision. The regulation of the manner and extent of the inquiry rests largely in the trial judge's discretion. *State v. Jackson,* 284 N.C. 321, 200 S.E. 2d 626 (1973) ; *State v. Bryant,* 282 N.C. 92, 191 S.E. 2d 745 (1972). The District Attorney was attempting to ascertain whether the jurors could impartially consider the evidence though knowing that the State's witnesses were homosexuals or transvestites. The purpose for the questioning was legitimately aimed at determining whether a juror, because of a prejudice or predisposition for or against certain witnesses, would be biased and therefore subject to disqualification. We cannot say that the trial judge abused his discretion in permitting the line of questions.

**[3]**   Defendant argues that the pretrial arraignment procedure and trial before different judges prejudiced the defendant's discovery rights. He alleges that the trial judge erred in refusing to permit him to reexamine photographs taken at the scene of the crime. Defendant previously had the opportunity to examine the photographs which the State never presented into evidence. Furthermore, defendant does not allege that his defense was prejudiced by the denial of his motion to reexamine the photographs.

**[4]**   Defendant further argues that the trial court erred in denying his request for the statement of the State's witness, Gary Adolphus Garret. The defendant concedes that the pretrial arraignment order was not violated but argues that he was surprised by the witness's testimony. However, examination of

Garret's testimony, noting the rigorous cross-examination, fails to show that the defendant was prejudiced by the surprise of Garret's testimony. We can find no prejudical error in defendant's contention.

[5]   Defendant alleges error in the trial court's sustaining the State's objections to questions by the defendant regarding the homosexual tendencies of the State's witnesses. "It is permissible, for purposes of impeachment, to cross-examine a witness . . . by asking disparaging questions concerning collateral matters relating to his criminal and degrading conduct." *State v. Harrell,* 20 N.C. App. 352, 356, 201 S.E. 2d 716 (1974). However, the scope of such questions is subject to the trial court's discretion.

The record is replete with references to the homosexual and transvestite tendencies of the State's witnesses. The witness Ernest Maybanks admitted he had been convicted of female impersonation, and Silious Herring, another witness for the State, testified that it was natural for him to dress as a woman. Furthermore, Cathy Parker, another of the State's witnesses, testified that everyone, including the State's witnesses, except her brother and the defendant were dressed as women. We can find no prejudicial error in the trial judge's sustaining the State's objections to defendant's questions regarding the sexual tendencies of the witnesses when sufficient evidence was admitted establishing the sexual behavior pattern of the witnesses.

Defendant contends that the trial court inadvertently influenced the defendant's decision not to testify when the court informed him of his right not to take the stand. Defendant's contention is without merit. The trial judge gave to the defendant a fair statement of his constitutional right not to testify. The trial judge in no way advised the defendant not to testify on his own behalf.

[6]   Finally, it is argued that the trial court erred in overruling the defendant's objection to the State's argument to the jury. Defendant contends that the District Attorney commented on the defendant's failure to testify. However, upon reading the portion of the District Attorney's argument complained of, it becomes evident that the thrust of the comment is not on the defendant's failure to testify, but on the effect of his pleading not guilty, and the resulting burden of proof imposed on the State in consequence of the not guilty plea.

Furthermore, if there were any implications upon the defendant's failure to testify that may have been raised by the District Attorney's argument, the judge's charge cured them. The jury was instructed that the defendant's failure to testify created no presumption against him, that the law gave him the privilege not to testify, and that "his silence is not to influence your decision in any way." See *State v. Bumpers*, 270 N.C. 521, 155 S.E. 2d 173 (1967), rev'd on other grounds, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed. 2d 797; *State v. Bryant* and *State v. Floyd*, 16 N.C. App. 456, 192 S.E. 2d 693 (1972). We have reviewed defendant's remaining assignments of error and can find no prejudicial error in the trial.

No error.

Judges MORRIS and HEDRICK concur.