STATE OF NORTH CAROLINA v. ARTHUR LEROY SOLOMAN

No. 7818SC1125

(Filed 3 April 1979)

**1. Bastards § 2; Indictment and Warrant § 6— willful nonsupport—allegations in warrant sufficient—time of service**

Defendant's contentions that the criminal summons did not allege all the essential elements of G.S. 49-2 and that it was not served within the time mandated by G.S. 15A-301(d)(2) were without merit, since the warrant did charge the two essential elements of the crime of willful nonsupport of an illegitimate child, and service made after the period specified does not invalidate the process.

**2. Bastards § 6— willful nonsupport—sufficiency of evidence**

In a prosecution for willful nonsupport of an illegitimate child, evidence was sufficient to be submitted to the jury where it tended to show that, after the child was born, the mother repeatedly requested defendant to aid in the support of the child and that defendant did provide support for a substantial period of time.

**3. Criminal Law § 102.8— jury argument—defendant's failure to testify—judge out of courtroom—refusal to reconstruct argument**

In a prosecution for willful nonsupport of an illegitimate child, defendant is entitled to a new trial where, during the trial judge's absence from the courtroom, defendant objected to argument by the district attorney with respect to defendant's failure to testify; the trial judge returned to the courtroom, overruled defendant's objection, denied his motion, and admonished defense counsel; and the judge refused to reconstruct the jury argument so that he could not fairly consider defendant's objection and defendant was thereby effectively denied meaningful appellate review.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 14 July 1978 in Superior Court, GUILFORD County. Heard in the Court of Appeals on 6 March 1979.

Defendant was charged in a proper warrant with willful nonsupport of his illegitimate child born on 29 May 1975. Upon his plea of not guilty, the State presented evidence tending to show the following:

The prosecuting witness testified that she was the mother of the minor child; that defendant was the father of the child; that she had asked the defendant to provide certain personal items the child needed as well as food and clothing; and that the defendant always responded and provided various things for the child, but

that since 27 August 1977, he has not provided any support for the child. Mary Ellen Pennington, an employee of the 4-D Child Support Enforcement Unit with the Guilford County Attorney's Office testified that she talked with the defendant over the telephone about establishing an amount of child support, and that during the conversation he stated that he would see the prosecuting witness and they would make an appointment and come to her office.

The defendant presented no evidence.

The following issues were submitted to and answered by the jury as indicated below:

1. Is the defendant, Arthur Leroy Soloman, the father is [sic] Regina Crawford, born of the body of Belinda Crawford on May 29, 1975?

Answer: Yes

2. After the birth of Regina Crawford, did Belinda Crawford, give notice to Arthur Soloman, demanding that he adequately support Regina Crawford?

Answer: Yes

3. Did the defendant wilfully neglect or refuse to maintain or provide support for Regina Crawford?

Answer: Yes

4. Is the defendant, Arthur Soloman, guilty of wilful neglect or refusal to provide adequate support and maintain his illegitimate child?

Answer: Yes.

From a judgment imposing a six months prison sentence suspended on conditions that he provide support in the amount of $15.00 per week, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Henry Burgwyn, for the State.*

*Pell, Pell, Weston & John, by Joseph R. John, for defendant appellant.*

HEDRICK, Judge.

[1]   By assignment of error number two, defendant contends the court committed error by denying his motions to quash the warrant, to dismiss the charges against him and his motion in arrest of judgment. Defendant argues that the criminal summons does not allege all the essential elements of G.S. § 49-2 and it was not served within the time mandated by G.S. § 15A-301(d)(2). The two essential elements of G.S. § 49-2 that must be proved by the State are (1) that the defendant is the parent of the illegitimate minor child in question, and (2) that the defendant has willfully neglected or refused to support and maintain such illegitimate child. *State v. Green*, 8 N.C. App. 234, 174 S.E. 2d 8 (1970); *State v. Coffey*, 3 N.C. App. 133, 164 S.E. 2d 39 (1968). The warrant in the present case charged both of these elements. The criminal summons in the present case contained an issuance date of 12 July 1977 and originally contained an appearance date of 1 August 1977 which was crossed out and an appearance date of 21 November 1977 substituted therefor. The warrant further indicates that it was served on 8 November 1977. Although the warrant contains some technical irregularities with regard to service within the times prescribed by G.S. §§ 15A-301(d)(2) and -303(d), this is not fatal, since G.S. § 15A-301(d)(3) provides that service made after the period specified does not invalidate the process. This assignment of error has no merit.

[2]   By assignment of error number seven, defendant contends the Court erred in denying his motion for judgment as of nonsuit made at the close of the State's evidence. Defendant argues that there was insufficient evidence of demand to submit the case to the jury. The record is replete, however, with evidence that after the child was born the mother repeatedly requested the defendant to aid in the support of the child and that the defendant did provide support for a substantial period of time. The mother also testified that she received no further support for the child from the defendant after 27 August 1977. We hold sufficient evidence was introduced to permit the jury to find that the defendant *willfully* failed to support his illegitimate child. This assignment of error has no merit.

[3]   By assignment of error number eight, defendant contends the trial court committed prejudicial error by refusing to

reconstruct the jury argument of the assistant district attorney. We agree. The record discloses that the trial judge was not present in the courtroom during the arguments to the jury; that defendant nevertheless immediately objected to the argument of the prosecutor and moved for a mistrial on the grounds that the assistant district attorney had allegedly made comments to the jury on the failure of the defendant to offer evidence or testify in his own behalf; that the trial judge was then brought back into the courtroom where he overruled the defendant's objection, denied his motion, and admonished defense counsel. After the jury had returned its verdict, defendant renewed his motion for a mistrial and moved to have the trial judge reconstruct the jury argument. The trial judge denied both of these motions.

It is a well-established rule that neither the district attorney nor counsel for the defendant may comment on the defendant's failure to testify. G.S. § 8-54; *State v. McCall*, 286 N.C. 472, 212 S.E. 2d 132 (1975); *State v. Bovender*, 233 N.C. 683, 65 S.E. 2d 323 (1951); *State v. Artis*, 9 N.C. App. 46, 175 S.E. 2d 301 (1970). In many cases, the impropriety of the solicitor's comments on the failure of the defendant to testify will be cured where the court categorically instructs the jury to disregard the improper remarks or instructs that the defendant's failure to testify creates no presumption against him. *See, e.g., State v. Covington*, 290 N.C. 313, 226 S.E. 2d 629 (1976); *State v. Peplinski*, 290 N.C. 236, 225 S.E. 2d 568 (1976). When there is an objection to such prohibited statements, however, it is "the duty of the court not only to sustain objection to the prosecuting attorney's improper and erroneous argument but also to instruct the jury that the argument was improper with prompt and explicit instructions to disregard it. [If] no proper curative instruction [is] given, the prejudicial effect of the argument requires a new trial." *State v. Monk*, 286 N.C. 509, 518, 212 S.E. 2d 125, 132 (1975). *See also State v. Thompson*, 290 N.C. 431, 226 S.E. 2d 487 (1976); *State v. Britt*, 288 N.C. 699, 220 S.E. 2d 283 (1975).

Under G.S. § 15A-1241(c), "[w]hen a party makes an objection to unrecorded statements or other conduct in the presence of the jury, upon motion of either party the judge *must* reconstruct for the record, as accurately as possible, the matter to which objection was made." (Emphasis added.) In the present case, the defense counsel promptly objected to the alleged improper argu-

ment, and the trial judge, when he returned to the courtroom, overruled the objection and even admonished defense counsel. Generally, the motion to reconstruct the argument should be made at the time the objectionable argument is made so that the judge can have a reasonable opportunity to reconstruct what was said while it is still fresh in his mind. Here, however, not only was the judge not in the courtroom when the argument was made, he also refused to make an effort to ascertain what had been argued so that he could fairly consider defendant's objection and motion for a mistrial. The trial judge's actions precluded the defendant from showing that an error was committed that was prejudicial to him. The result is that defendant has been effectively denied meaningful appellate review. Although the trial judge did instruct the jury that defendant's failure to testify creates no presumption against him, we are unable to determine whether such an instruction was sufficient to cure the error since the district attorney's argument was not reconstructed for the record. In one case, it was held that since the solicitor's comments were "obviously calculated to mislead the jury into the belief that they should consider defendant's silence at trial as a circumstance indicating guilt," a later instruction was not sufficient "to cure the prejudicial effect of the argument and render it harmless, especially since the court did not instruct the jury that the argument they had just heard was improper and that it should be disregarded." *State v. Jones*, 19 N.C. App. 395, 396, 198 S.E. 2d 744, 745 (1973).

Because of our disposition of this case, it is unnecessary for us to discuss defendant's remaining assignments of error since they are unlikely to recur at a new trial.

New trial.

Judges VAUGHN and CARLTON concur.