defendant filed no response nor any affidavits. At a hearing on 8 June 1981 the trial judge granted defendant's motion and denied plaintiff's. Plaintiff appealed and the Court of Appeals, with Clark, J. dissenting, affirmed.

*Duke and Brown, by John E. Duke, Attorney for plaintiff-appellant.*

*John W. Dees, Attorney for defendant-appellee.*

PER CURIAM.

For the reasons stated by Clark, J. in his dissent we find that summary judgment for the defendant was erroneously allowed and that summary judgment for the plaintiff was properly denied.

The decision of the Court of Appeals and the judgment of the trial court entered 9 June 1981 are vacated without prejudice to either party to again move for summary judgment if the facts are further developed. The cause is remanded to the Court of Appeals for further remand to the District Court, Wayne County for further proceedings not inconsistent with this opinion.

Vacated and remanded.

---

STATE OF NORTH CAROLINA v. FREDDY MURPHY

No. 274A82

(Filed 5 October 1982)

APPEAL by defendant pursuant to G.S. 7A-30(2) of the decision of the Court of Appeals (*Judge Harry Martin*, with *Judge Robert Martin* concurring, and *Judge Whichard* dissenting) reported at 56 N.C. App. 771, 290 S.E. 2d 408 (1982), finding no error in judgments entered against Freddy Murphy by *Washington, Judge*, at the 7 May 1981 Criminal Session of Superior Court, CASWELL County.

Defendant, Freddy Murphy, was charged in indictments, proper in form, with: (1) robbery with a firearm against Sally Sherrill and (2) robbery with a firearm against James Sherrill on

19 December 1980 in violation of G.S. 14-87. Defendant entered pleas of not guilty and the jury found the defendant guilty of the armed robbery of James and Sally Sherrill. Judge Washington sentenced defendant Freddy Murphy to 20 years for the armed robbery of Sally Sherrill and 10-20 years, to run consecutively, for the armed robbery of James Sherrill. Defendant appealed the judgments to the Court of Appeals.

The evidence for the State tended to show the following: On the evening of 19 December 1980, at approximately 7:30 p.m. the defendant was seen carrying a rifle along the road near the Sherrill home. Around 7:30 p.m. the Sherrills were home watching television when the defendant knocked on the door. James Sherrill stepped outside to see who was knocking on the door, but was forced back into the house by the defendant who was pointing a rifle at Mr. Sherrill's stomach. The rifle was covered with a piece of white cloth and the defendant's head was covered with a plastic-like material. After turning out the light, Mr. Sherrill was ordered by the defendant to sit by his wife and look at the floor. At this time defendant took one dollar and ten cents plus food stamps valued at twenty-eight dollars from Sally Sherrill and he took one dollar and forty-five cents plus food stamps valued at twenty-seven dollars plus one billfold valued at ten dollars from James Sherrill. Defendant then fled the premises. Although neither victim was able to get a good look at the assailant, Sally Sherrill was able to recognize the defendant's build and make a positive voice identification. In addition, Mrs. Sherrill described the assailant's clothing as including a green army-type jacket. Other witnesses testified that the defendant was wearing a green army-type jacket on the evening of the robbery.

At the close of the State's evidence, defendant moved for a dismissal of the charges on the grounds that the State failed to prove the robbery was committed with a deadly weapon. The motion was denied. The defendant also moved for a dismissal of the charges on the grounds that the State's evidence did not sufficiently prove that the defendant was the person who robbed the Sherrills. This motion was also denied. Defendant then presented evidence of an alibi which tended to show that he was with various members of his family during the robbery. During argument to the jury, defense counsel emphasized the State's failure to present any kind of statement or confession made by the de-

fendant. In response to defense counsel's reference to the State's failure to present any statement or confession by the defendant, the district attorney argued to the jury that the reason there was no statement was because the defense had objected to its introduction. Defendant, while not objecting at the time of the district attorney's statement, assigned as error the trial court's failure to intervene to prevent a gross injustice.

Upon hearing all the evidence, the jury returned verdicts of guilty of both charges against defendant.

Of the several assignments of error, the Court of Appeals, in its opinion, addressed four and held: (1) The trial court did not err in finding sufficient the evidence that the armed robberies were committed with a deadly weapon, (2) the trial court did not err in finding sufficient the evidence that defendant was the perpetrator of the crime, (3) there was no gross impropriety upon the record which would require the trial court to intervene *ex mero motu* and (4) the trial court neither improperly commented on defendant's failure to testify nor did it improperly state the law as it applies to this case.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Fred R. Gamin for the State.*

*George B. Daniel and Ronald M. Price for defendant appellant.*

PER CURIAM.

We hereby adopt the reasoning of the Court of Appeals' opinion and affirm its decision in all respects.

Affirmed.

Justice MARTIN did not participate in the consideration or decision of the case.