308 S.E.2d 507 (1983)
STATE of North Carolina
v.
Robert Earl OATES.
No. 824SC1294.
Court of Appeals of North Carolina.
November 15, 1983.
Atty. Gen. Rufus L. Edmisten by Asst. Atty. Gen. Roy A. Giles, Jr., Raleigh, for the State.
Appellate Defender Adam Stein by Asst. Appellate Defenders Marc Towler and James H. Gold, Raleigh, for defendant.
BECTON, Judge.
We are once again presented with the issue of a prosecutor commenting during final argument upon the defendant's failure to testify. The private prosecutor asked, as reconstructed for the record by the trial court: "Why in the world did the defendant sit here for these one-and-a-half days remaining mute and not come to the stand?"
The State concedes that the prosecutor's comment was improper, but argues that the comment was not prejudicial in view of the fact that the court sustained defendant's objection to the comment and immediately instructed the jury to disregard it. We do not believe that the trial *508 court's instruction to disregard the prosecutor's remark was sufficient to remove the taint, and thus we order a new trial.
We are aware of the United States Supreme Court's latest pronouncement in United States v. Hasting, ___ U.S. ___, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), that a comment on an accused's failure to testify does not result in an automatic reversal and that courts should first determine whether the comment is harmless beyond a reasonable doubt. But the Supreme Court's interpretation of the federal constitution, whether broad or narrow, does not necessarily limit our courts in interpreting our constitution and statutory enactments.
Forty-two years before the United States Supreme Court held that a comment on a defendant's failure to take the stand violates the defendant's Fifth and Fourteenth Amendment rights to remain silent, Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), North Carolina recognized that such an argument violated the 1919 version of N.C.Gen.Stat. § 8-54 (1981). State v. Humphrey, 186 N.C. 533, 120 S.E. 85 (1923); N.C.Consol.Stat. § 1799 (1919). See also State v. McCall, 286 N.C. 472, 212 S.E.2d 132 (1975). The language of G.S. § 8-54, in its current version, remains unchanged. The statute provides:
In the trial of all indictments, complaints, or other proceedings against persons charged with the commission of crimes, offenses or misdemeanors, the person so charged is, at his own request, but not otherwise, a competent witness, and his failure to make such request shall not create any presumption against him. (Emphasis added.)
Indeed, as early as 1881, the General Assembly expressed, in the N.C.Sess.Laws ch. 110 § 2, the underlying policy of G.S. § 8-54 in substantially similar language.
In the face of a long and uniform history of forbidding prosecutorial comment on the failure of a person charged with a crime to testify, our Supreme Court, in the 1950's, engrafted an exception onto the iron-clad rule by looking to see if the trial court had taken the necessary action to minimize the prejudice resulting from improper statements on the defendant's failure to testify. See State v. Lewis, 256 N.C. 430, 124 S.E.2d 115 (1962). Now, the applicable law in North Carolina is this: When a prosecutor improperly comments upon the accused's failure to testify, the error may be cured if the trial court (1) sustains an objection to the comment; (2) tells the jury that the comment was improper; and (3) instructs the jury to disregard the comment and not to consider the failure of the accused to offer himself as a witness. State v. Monk, 286 N.C. 509, 212 S.E.2d 125 (1975); State v. McCall. Consequently, it has been held that an instruction by the trial court immediately after sustaining an objection to a prosecutor's comment on the defendant's failure to testify, that the defendant's exercise of his right not to testify shall not be used against him, is insufficient absent an instruction that the argument was improper and that it should be disregarded. State v. Jones, 19 N.C.App. 395, 198 S.E.2d 744 (1973).
In the case before us, the trial court did not instruct the jury that the comment was improper or why it was improper; it only told the jury to "disregard counsel's statement." Moreover, the trial court's general instruction during the jury charge on the defendant's right not to testify was insufficient to remove the prejudice because no reference was made to the offending argument, and the damage done by it remained unrepaired. See State v. Monk. To be effective, the trial court's instruction should immediately follow the offensive remark and should explain why the remark was improper. The fact that the remark was made by a private prosecutor makes no difference. See State v. McCall.
In addition to the trial court's failure properly to cure the error committed by the private prosecutor, there was a conflict in the State's evidence regarding whether the break-in occurred at night or during the day. This conflict is significant because it points out the difference between second-degree burglary and felonious breaking or entering. The mandatory minimum sentence *509 for second-degree burglary is fourteen years; the presumptive sentence for felonious breaking or entering is only three years, a substantial difference. N.C.Gen. Stat. § 14-52 (1981); N.C.Gen.Stat. § 14-54 (1981); N.C.Gen.Stat. § 15A-1340.4(f)(6) (Supp.1981). Consequently, we cannot say that the comment in this case was harmless error beyond a reasonable doubt. Sadly, neither can we say that the transgression was inadvertent.
An accused may choose not to take the stand for several reasons which are not consistent with guilt. An accused may be innocent of the crime charged, but may choose not to testify for fear of being impeached by a prior conviction. (As most defense attorneys and prosecutors know, once evidence of a prior conviction is admitted, the probability of a conviction in the case at trial is increased.) Further, the defendant may be inarticulate, uneducated, or nervous by nature. In short, he will make a poor witness for himself. And, sometimes the State simply has a weak case.
Yet, prosecutors persist in commenting upon the defendant's failure to testify that issue has appeared repeatedly in the appellate reporters of North Carolina.[1] In case after case, the outcome on appeal has been dependent upon whether the trial court has taken the necessary action, upon a prompt objection, to minimize the prejudice resulting from the improper comment.[2] This is not the way it should be. The trial court should not be placed in the position of rescuing the State's case. The onus should be on the prosecutor, not on the trial court.
Simply put, prosecutors are not being effectively deterred from commenting upon the defendant's failure to take the stand. As the State expressly conceded in oral argument, requiring a new trial whenever a prosecutor comments on defendant's failure to testify may be the only way to stop the problem confronting us again today. Some observers have always questioned the effectiveness of curative instructions. They feel that once the improper words have been uttered, the damage has been indelibly done; that curative instructions are unrealistically expected to be magic wands which erase improper arguments from the jurors' minds. Or, as Justice Jackson once wrote in a concurring opinion, "The naive assumption that prejudicial effects can be overcome by instructions to the jury ... all practicing lawyers know to be unmitigated fiction." Krulewitch v. United States, 336 U.S. 440, 453, 69 S.Ct. 716, 723, 93 L.Ed. 790, 799 (1949).
And we know that prosecuting attorneys have a difficult job. But "[they] are in a very peculiar sense servants of the law. [Citation omitted.] They owe the duty to *510 the State which they represent, the accused whom they prosecute, and the cause of justice which they serve to observe the rules of practice created by law to give those tried for crime the safeguards of a new trial." State v. Phillips, 240 N.C. 516, 522, 82 S.E.2d 762, 766 (1954).
The public interests demand that a prosecution be conducted with energy and skill, but the prosecuting officer should see that no unfair advantage is taken of the accused. It is as much his duty to see that a person on trial is not deprived of any of his statutory or constitutional rights as it is to prosecute him for the crime with which he may be charged.
State v. Britt, 288 N.C. 699, 710, 220 S.E.2d 283, 290 (1975) (quoting 63 Am.Jur.2d Prosecuting Attorneys § 27 (1972)). Our Supreme Court has stated: "Ministers of the law ought not to permit zeal for its enforcement to cause them to transgress its precepts. They should remember that where law ends, tyranny begins." State v. Warren, 235 N.C. 117, 119, 68 S.E.2d 779, 780 (1952).
Because the trial court in this case failed to take the necessary action to minimize the obvious prejudice resulting from the prosecutor's improper comment on defendant's failure to testify, the judgment is vacated and the cause remanded for a
New Trial.
JOHNSON and BRASWELL, JJ., concur.
NOTES
[1] State v. Hopper, 292 N.C. 580, 234 S.E.2d 580 (1977); State v. Monk, 286 N.C. 509, 212 S.E.2d 125 (1975); State v. McCall, 286 N.C. 472, 212 S.E.2d 132 (1975); State v. Pruitt, 286 N.C. 442, 212 S.E.2d 92 (1975); State v. Lindsay, 278 N.C. 293, 179 S.E.2d 364 (1971); State v. Clayton, 272 N.C. 377, 158 S.E.2d 557 (1968); State v. Bumpers, 270 N.C. 521, 155 S.E.2d 173 (1967), rev'd. on other grounds, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); State v. Stephens, 262 N.C. 45, 136 S.E.2d 209 (1964); State v. Lewis, 256 N.C. 430, 124 S.E.2d 115 (1962); State v. Roberts, 243 N.C. 619, 91 S.E.2d 589 (1956); State v. McLamb, 235 N.C. 251, 69 S.E.2d 537 (1952); State v. Murphy, 56 N.C.App. 771, 290 S.E.2d 408, aff'd, 306 N.C. 734, 295 S.E.2d 470 (1982); State v. Hunnicutt, 44 N.C.App. 531, 261 S.E.2d 682, disc. review denied, 299 N.C. 739, 267 S.E.2d 666 (1980). State v. Soloman, 40 N.C.App. 600, 253 S.E.2d 270 (1979); State v. Edwards, 27 N.C.App. 369, 219 S.E.2d 249 (1975); State v. Jones, 19 N.C. App. 395, 198 S.E.2d 744 (1973); State v. Waddell, 11 N.C.App. 577, 181 S.E.2d 737 (1971); State v. Mitchell, 6 N.C.App. 755, 171 S.E.2d 74 (1969).
[2] In most cases involving an improper comment, a conviction was upheld because the trial court took the necessary corrective measures or no objection had been interposed to the argument. See, e.g., State v. Hopper, supra; State v. Lindsay, supra; State v. Clayton, supra; State v. Bumpers, supra; State v. Stephens, supra; State v. Lewis, supra; State v. Murphy, supra; State v. Hunnicutt, supra; State v. Edwards, supra; and State v. Mitchell, supra. On the other hand, reversible error was found in the following cases because the trial court failed to take the necessary corrective action: State v. Monk, supra; State v. McCall, supra; State v. Roberts, supra; State v. McLamb, supra; State v. Solomon, supra; and State v. Waddell, supra.