STATE v. OAKMAN

[97 N.C. App. 433 (1990)]

STATE OF NORTH CAROLINA v. TONY LEE OAKMAN

No. 8912SC688

(Filed 20 February 1990)

**1. Rape and Allied Offenses § 19 (NCI3d)— taking indecent liberties with minor — sufficiency of evidence**

Testimony by the 13-year-old male victim that someone was feeling on his "private area" permitted the jury reasonably to conclude that the activity concerned the victim's genital area, and his testimony, taken with the remainder of the State's evidence, was clearly sufficient to establish the underlying felony of taking indecent liberties with a child and, *a fortiori*, the offense of first degree burglary.

**Am Jur 2d, Infants § 17.5.**

**2. Criminal Law § 427 (NCI4th)— defendant's election not to testify — prosecutor's comment not improper**

The prosecutor's comment which merely noted for the jury that the court would instruct them as to the law regarding defendant's election not to testify did not amount to an improper comment on defendant's failure to testify.

**Am Jur 2d, Trial § 240.**

APPEAL by defendant from judgment entered 16 February 1989 by *Bowen, Wiley F., Judge,* in CUMBERLAND County Superior Court. Heard in the Court of Appeals 6 February 1990.

Defendant was convicted of one count of first degree burglary in violation of N.C. Gen. Stat. § 14-51 and one count of taking indecent liberties with a child in violation of N.C. Gen. Stat. § 14-202.1. The State's evidence at trial tended to establish that at approximately 5:30 a.m. during the night of 11 September 1988, the thirteen-year-old male victim, asleep on the top bunk of his bunkbed, was awakened by an intruder whom the victim testified was "feeling on me . . . [m]y private area." When the victim awoke, the intruder stepped backward, then approached the victim and touched him again. The victim pushed the intruder's hand away, jumped out of bed, and demanded that the touching stop. From the hall light, and from nearby floodlights which shone through the bedroom window, the victim saw the intruder. The intruder

fled, leaving the house through the kitchen door, and the victim followed. The victim saw the intruder get into a "blue Regal" parked in front of the victim's house and speed away from the scene. He recognized the car as belonging to defendant and later identified defendant, age 27, as being the intruder. Although the victim had closed the window and curtains to his bedroom prior to going to bed, both the curtains and the window were open at the time of the crime and a large hole had been cut in the windowscreen.

The State also presented evidence which tended to establish that defendant worked with the victim's cousin, drove a car of the type described by the victim, and that such a car was observed to be parked near the front of the victim's home approximately one hour before the time of the crime. When asked whether he knew the defendant, the victim testified that he had "seen him around [for] close to a year."

Defendant presented no evidence.

From the judgment entered on the jury's verdict of guilty, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Barbara A. Shaw, for the State.*

*Assistant Public Defender Stephen C. Freedman for defendant-appellant.*

WELLS, Judge.

Defendant brings forward two assignments of error challenging the court's denial of his motion to dismiss at the conclusion of the State's evidence and the court's failure to give an instruction, *ex mero motu*, to cure an improper comment of the prosecutor during the State's closing argument to the jury. We find no error.

[1] We first examine whether the trial court erred in denying defendant's motion to dismiss. Defendant contends that the State presented insufficient evidence to take the case to the jury on the charge of taking indecent liberties with a child in that the victim's testimony that someone was "feeling on me. . . . [m]y private area" is too vague and inconclusive to satisfy a reasonable mind beyond a reasonable doubt that an act of indecent liberties occurred. Defendant further contends that, because the State failed

to establish this offense as an underlying felony to first degree burglary, the trial court also erred in failing to dismiss the latter charge. We disagree.

When presented with a motion to dismiss in a criminal action, the trial court must determine whether there is substantial evidence of each element of the offense charged and substantial evidence that the defendant is the perpetrator. *State v. Rasor*, 319 N.C. 577, 356 S.E.2d 328 (1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Bates*, 313 N.C. 580, 330 S.E.2d 200 (1985). The evidence must be examined in the light most favorable to the State, and any contradictions or discrepancies are for the jury to resolve and do not warrant dismissal. *Rasor, supra.* When considering a motion to dismiss, the trial court is concerned only with the sufficiency of the evidence to carry the case to the jury and not with its weight. *State v. Allison*, 319 N.C. 92, 352 S.E.2d 420 (1987). The evidence need not exclude every reasonable hypothesis of innocence in order to support the denial of a defendant's motion to dismiss. *State v. Earnhardt*, 307 N.C. 62, 296 S.E.2d 649 (1982). This test for sufficiency of the evidence is the same for both direct and circumstantial evidence. *Id.*

The offense of taking indecent liberties with a child, a felony, is set forth at N.C. Gen. Stat. § 14-202.1 which provides:

(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or

(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

North Carolina retains the common law definition of burglary. Hence, to establish burglary, the State must prove a "breaking and entering of the dwelling house or sleeping apartment of another in the nighttime with [the] intent to commit a felony therein." *State v. Goodman*, 71 N.C. App. 343, 322 S.E.2d 408, *cert. denied,*

313 N.C. 333, 327 S.E.2d 894 (1985). Differing degrees of burglary were unknown at common law. N.C. Gen. Stat. § 14-51 provides in pertinent part:

> There shall be two degrees in the crime of burglary as defined at the common law. If . . . any person is in the actual occupation of any part of [the] dwelling house or sleeping apartment at the time of the commission of such crime, it shall be burglary in the first degree.

Measuring the State's evidence against these standards, we conclude that the State presented sufficient evidence of the crimes charged to withstand defendant's motion to dismiss. The victim's testimony that someone was feeling on his "private area" permitted the jury to reasonably conclude that the activity concerned the victim's genital area. This testimony, taken with the remainder of the State's evidence, is clearly sufficient to establish the underlying felony of taking indecent liberties with a child and, *a fortiori*, the offense of first degree burglary. This assignment of error is overruled.

[2] We next address defendant's contention that he was denied a fair trial in that the prosecutor improperly commented on defendant's election not to testify, and the trial court failed to give a curative instruction to the jury, *ex mero motu*, to rectify the alleged impropriety.

To place this issue in the appropriate context, the record reveals that the following occurred during the prosecutor's closing argument to the jury:

> [PROSECUTOR]: Folks, in a case like this, the Judge is going to instruct you on a number of different things. . . . He is going to be talking to you about credibility of witnesses. He is going to be talking to you about the affect [sic] of the Defendant's decision not to testify, the fact that you can't hold it against him that he didn't get up there and tell you what you usually think of one side and then the other side telling you . . . their story. You cannot consider—
>
> [DEFENSE ATTORNEY]: Objection[.]
>
> THE COURT: Sustained.
>
> [PROSECUTOR]: The Judge is going to instruct you of the affect [sic] of the Defendant's decision not to testify before you folks.

## STATE v. OAKMAN

[97 N.C. App. 433 (1990)]

Defendant made no further objection, requested no curative instruction, and the prosecutor proceeded with the State's closing argument. Following defendant's closing argument, the court stated its charge to the jury which included the following instruction:

> The Defendant has not testified. The Defendant in a criminal case is neither expected or [sic] required to take the witness stand on his own behalf. His right not to take the stand is guaranteed to him by both the Federal and State constitution [sic]. The Defendant's right not to take the stand is guaranteed to him by law.

> The same law also assures him that his decision not to testify creates no presumption against him.

> Therefore, I instruct you that the Defendant's silence is not to influence your decision in any way. It must take no part in your deliberation. You must not draw any inference or conclusion from his silence, nor should you discuss the matter with your fellow jurors.

A prosecutor may not comment on a defendant's election not to testify, and a court's failure to promptly give a curative instruction where such comment is made is generally held to be prejudicial error. *State v. Oates*, 65 N.C. App. 112, 308 S.E.2d 507 (1983) (and cases cited therein). An exception is made, however, where the prosecutor's reference to a defendant's decision not to testify is "so brief and indirect as to make improbable any contention that the jury inferred guilt from the failure of the [defendant] to testify." *State v. Randolph*, 312 N.C. 198, 321 S.E.2d 864 (1984).

In the present case, the prosecutor's comment merely noted for the jury, albeit somewhat inartfully, that the court would instruct them as to the law regarding defendant's election not to testify. This the court did. While the prosecutor's comment was arguably improper, we conclude that it is unlikely the jury in this case inferred guilt from defendant's election not to testify.

We also note that defendant failed to request a curative instruction at the time of his objection. Although the better practice in such circumstances is for the trial court to promptly intervene and give a curative instruction to rectify any potential prejudice resulting from the improper reference, we conclude that the prosecutor's comment in this case "was not so grossly improper as to require the trial court to act *ex mero motu*." *Randolph, supra;*

*see also State v. Pruitt*, 94 N.C. App. 261, 380 S.E.2d 383 (1989) (and cases cited therein).

No error.

Judges COZORT and LEWIS concur.